## ISAAC MAYER v. CHRISTOPHER MOLLER.

In an action for rent upon a written contract to hire, signed by the tenant only, it is to be presumed, in the absence of evidence to the contrary, that the landlord's agreement to let was also in writing.

In such an action, evidence of a parol agreement, on the part of the landlord, to repair, is inadmissible, except it is preceded by proof that the landlord's agreement to let rested in parol.

In a contract of letting, there is no implied warranty that the premises are tenantable.

APPEAL by plaintiff from a judgment of the Sixth District Court. This was an action for rent. The defendant, by an agreement in writing, hired the premises No. 156 West 35th street, for sixteen months from the first of January, 1856. The agreement introduced by the plaintiff was signed by the defendant—the tenant—only. There was no evidence offered upon the trial, as to whether the plaintiff had given a written lease to the defendant or not. But the defendant proved, sub_ject to the objection of the plaintiff's counsel, that the plaintiff had, prior to the defendant's taking possession of the premises, promised the defendant that he would put the house in good repair, and, in particular, repair a leak in the roof, which he subsequently refused to do, and by reason of which the house was rendered untenantable. Judgment having been given for the defendant, the plaintiff appealed.

*E. B. Shafer*, for the appellant.

*C. Moller*, respondent, in person.

BRADY, J.—The defendant hired the premises from the plaintiff, and executed an agreement of hiring. No promise or agreement, on the part of the plaintiff, to repair, is contained in that paper writing, and, in the absence of proof that the landlord's agreement was by parol, the presumption is that it was also in writing. The fact was susceptible of proof very readily, and the defendant should have proved it. It may be regarded as suspicious, that no attempt or offer was made thereto by the defendant. If it had clearly appeared that the letting rested in parol, the defendant might have introduced proof to show a promise to repair at the time of the letting. Cleves v. Willoughby, 7 Hill, 85. Omitting to make that clear, the presumptions are against such a fact. Regarding the landlord's engagement, therefore, as in writing, the evidence of the conversation that took place before the defendant took possession was improperly received. The plaintiff was not bound to keep the premises in repair, and there was no implied warranty that the premises were tenantable. 7 Hill, supra, 86; Post v. Vetter, 2 E. D. Smith, 248.

Judgment reversed.