## NEW YORK COMMON PLEAS.

ELISHA BLOOMER, plaintiff and respondent agt. WARREN M. MERRILL, defendant and appellant.

Where there is no provision in an agreement for letting premises that the landlord shall make *repairs*, the tenant takes the premises for better or worse, and must pay the rent for the term demised, the landlord being under no obligation to repair them.

Where a tenant before the expiration of his term, informs his landlord that the premises are not fit to live in, and that he will surrender them and have nothing further to do with them, and pays up the rent to that time, and the landlord informs him that he will let the premises on his (the tenant's) account, and hold him responsible for the rent, it is no evidence of a *surrender*, although the landlord afterwards lets the premises to a new tenant, who pays rent to him.

Where a justice of the peace fails to render his decision in a cause submitted to him within the time prescribed by statute, he loses jurisdiction, and the action is no bar to another action for the same cause.

*General Term, July,* 1865.

DALY, BRADY *and* CARDOZO, *Judges.*

THIS action was commenced to recover an alleged balance due for rent of a portion of premises No. 45 Grove street, from January 1st, 1864, till May 1st, 1864, at the rate of $35 a month. The defendant claimed to have surrendered the premises to the plaintiff on the 28th of December, 1863; and as a second defence, claimed that the demised premises, without any fault or neglect on his part, became untenantable and unfit for occupation, and that he, the defendant, therefore quit and surrendered the premises to the plaintiff, before the rent claimed accrued or became due; and as a third defence, claimed that part of the claim had been previously adjudicated.

On the question of surrender, it appeared that on the 1st of December, 1863, defendant went to plaintiff and told him the premises were in such a bad condition they were not fit to live in, and he was going to move on the first of January, 1864, and paid him the rent in full up to that time. Plaintiff told defendant he would let them on

defendant's account. Defendant told plaintiff he would have nothing further to do with the premises. Plaintiff shortly afterwards rented the premises to one Mr. Price, without consulting the defendant, and without his authority. Price demanded possession of the premises on the 28th of December, 1863, as plaintiff's tenant, and possession was surrendered to Price by defendant, which was by Price accepted for plaintiff on that day. Defendant never heard of Price before that, and never saw him before that. The court directed judgment for the plaintiff for the whole amount claimed, and the jury were required to render a verdict accordingly. There was no covenant by the landlord to repair, contained in the written agreement of letting.

DAVID McADAM, *for appellant.*

 I. The lease to Price was not made by the plaintiff as the defendant's agent, but made by said plaintiff as landlord, to Price, as tenant. Thus a new relation of landlord and tenant was created between the plaintiff and Price, which amounts to a voluntary recission of the letting to defendant, and a termination of the defendant's tenancy, after such new relation was created (*Hegeman* agt. *McArthur*, 1 *E. D. Smith's R.* 147). A landlord cannot, at the same time, have two original tenants, holding under distinct, independent leases. If the lessor accepts a substituted tenant, the first tenant must be held to be discharged. The lessor has his remedy against the new tenant, and is estopped from denying a legal surrender of the first lease. (*Smith* agt. *Niver and Rockfeller*, 2 *Barb. S. C. Rep.* 180, citing *Mathews* agt. *Sewell*, 8 *Taunt.* 272.)

 II. The justice erred in refusing to allow the witness Howe to state whether the premises in question were tenantable or not in November and December, 1863, and the defendant was thereby prevented from proving his second defence to the action. If the defendant had been allowed

to show that the premises were untenantable, and it had appeared that they became so without any fault or neglect on the part of the defendant, the defendant was not liable or bound to pay rent to the plaintiff after the defendant quit possession of the premises on the 28th of December, 1863, and the rent claimed in this action accrued subsequent to that time (*Laws of* 1860, *chap.* 345, *p.* 592). It would have been useless, as well as improper, to have asked the witness how or from what cause the premises became untenantable, when the justice had virtually passed upon the question by refusing to allow the witness to state whether they were tenantable or not.

III. The justice erred in deciding that the facts admitted at folios 25 and 26, were not a bar to any part of the plaintiff's claim, because a demand is barred if the cause be *finally submitted* to the justice, whether he ever gave judgment upon it or not. (§ 1080 *of Cowen's Treatise*; *Hess* agt. *Beekman*, 11 *Johns.* 457.) In a later case at the New York common pleas, general term, Judge WOODRUFF remarked: "The arguments of counsel appear to assume that the former action was tried and submitted on the merits, *and that the justice omitted to render any judgment whatever.* If this be so, I apprehend that according to the decision in *Hess* agt. *Beekman* (11 *Johns. Rep.* 457), *the former action was a bar to the present* (*Morrell* agt. *Whitehead*, 4 *E. D. Smith's Rep.* 240)."

IV. If the justice was right in deciding that there was no question of fact for the jury to pass upon, he erred in directing them to render a verdict for the plaintiff. He should have directed them to render a verdict for the defendant, for upon the law applicable to the case, the plaintiff was not entitled to recover.

V. The judgment is contrary to law and evidence, and should be reversed with costs.

ROBERT H. CORBITT, *for respondent.*

DALY, F. J. There was no provision in the agreement, which was in writing, that the landlord should make any repairs, and when that is the case, the tenant takes the premises for better or worse, and must pay the rent for the term demised, the landlord being under no obligation to repair them (*Mumford* agt. *Brown*, 6 *Cow. Rep.* 247). The statute (*Laws of* 1860, *chap.* 345) must be held to apply only where the building is destroyed or injured by the elements or other cause so as to become untenantable and unfit for occupancy, after the tenant has been in occupation. It never could have been the intention of the statute that a tenant might hire a dilapidated house for a certain time, agreeing to pay for it a specified rent, and then without any material change in its condition, should have the right to quit and surrender whenever he pleased. The statute was evidently intended to relieve the tenant in cases analogous to that of *Weigal* agt. *Waters* (6 *T. R.*), where during the term the building was damaged so severely by a tempest as to become uninhabitable, and yet the tenant was held bound for the rent. The offer of the defendant was to show what was the condition of the premises in November and December. The defendant hired them on the sixth of November, and in my view of the statute, the evidence was immaterial, unless the defendant was prepared to show that from some cause accruing after the sixth of November, they had become untenantable and unfit for occupancy, and his offer did not go to that extent. The justice having failed to render his decision within the time limited by law, lost jurisdiction of the case, and the plaintiff's only remedy was to sue again. (*Wiseman* agt. *The Panama Railroad Company*, 1 *Hilt.* 301; *Weston* agt. *Davis*, 19 *Wend.* 371; *Brennan* agt. *Olmstead*, 4 *E. D. Smith*, 279.) The proceedings in the district court were, therefore, no bar to the present action. The defendant admitted that the plaintiff said he would let the premises on his account, and he would hold him responsible for the

rent, after the defendant told him that he would leave at the end of December. The letting of the premises, therefore, to Price in January, was no evidence of surrender.

The judgment in my opinion, should be affirmed.