## CLENIGHAN v. McFARLAND.

*(Common Pleas of New York City and County, General Term.* December 1, 1890.)

1. LEASE—PAROL EVIDENCE.
   > An oral agreement by a landlord, as a consideration for the hiring by the tenant, to put the premises in thorough repair before the commencement of the term, is collateral to the lease, and proof of it is not objectionable as modifying or varying the written lease.

2. SAME—DAMAGES—BREACH OF CONTRACT.
   > On the question of damages to a tenant from the breach of an agreement by the landlord to put the premises in repair before the commencement of the term, evidence of the amount paid by the tenant for rooms and meals at an hotel while the demised premises remained untenantable by reason of the making of the repairs during the term, is not admissible.

Appeal from eleventh district court.

Action by Robert Clenighan against William C. McFarland for rent under a lease. Defendant set up a counter-claim for breach of an agreement by plaintiff to put the premises in repair before the term, on which the justice of the district court found for defendant for damages equaling or exceeding the amount of the rent, and rendered judgment for defendant. From the judgment plaintiff appealed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Matthew Daly,* for appellant.    *Gratz Nathan,* for respondent.

DALY, C. J.   The action was brought to recover the sum of $208.33 for one month's rent of the house and premises 3 East Twenty-Seventh street under a lease for a term of two years commencing May 1, 1890, made by Mrs. Pfaff to the defendant at an annual rental of $2,500, payable monthly in advance.   This action is for the first month's rent, and the cause of action was assigned to the plaintiff June 1, 1890.   The defendant interposed a counter-claim for damages for the breach of an agreement made by the landlord with him before or at the time of taking the lease, by which the lessor agreed as a condition upon which the defendant hired the premises that they should be put in thorough repair before the commencement of the term.   The justice found that such an agreement had been entered into by the landlord; that the premises were not put in thorough repair by the time agreed upon; and that the damages of the defendant, by reason of such breach, equaled or exceeded the rent sued for; and gave judgment accordingly for the defendant.

The appellant urges as a ground of reversal that the evidence of a verbal agreement to put the premises in repair was not admissible, it being an attempt to modify or vary the written lease.   In this he is mistaken.   The agreement was collateral to the written lease, and may be proved and enforced although not reduced to writing nor incorporated in the lease.   *Chapin* v. *Dobson,* 78 N. Y. 75.   It is only such matters as concern a subject embraced in and covered by the terms of the lease that must be incorporated in it, and that are deemed to be waived if not so incorporated, although they may have been the subject of prior negotiation and agreement between the contracting parties.   Had this been an agreement on the part of the lessor to make repairs, or to keep the premises in repair during the term, it would have fallen within this rule; but an independent agreement to put the premises in repair before the term and made as a condition of, or consideration for, the taking of the lease, stands upon a different footing.   Similar agreements have been held to be collateral, and are cited by the court in the case referred to.   In *Mann* v. *Nunn,* 43 Law J. C. P. 241, where a lessor promised that, if the proposed lessee would take a lease of a house, he would put the house in a state fit for occupation, the promise was held to be collateral to the written lease, and provable by parol evidence, for the purpose of recovering damages for a breach of it.   There was substantially no dispute as to the alleged agreement

to put the house in repair, although there was a conflict of evidence as to the amount of repairs agreed to be done, and as to whether the delay in making the repairs stipulated for under the agreement was delayed by the act of the tenant in requesting additional work to be done. We are to assume from the judgment in the case that the justice found upon all these issues in the defendant's favor, and his conclusion would not be disturbed if there were no error committed in the trial of the other issues. It seems, however, that the defendant mistook the rule as to the damages he would be permitted to prove under his counter-claim. He was allowed, against the objection of the plaintiff, to show what he paid for rooms and meals at the St. James Hotel during the period that the demised premises remained untenantable while the repairs were in progress. This was improper. The measure of his damage was the value of the use of the premises during the time they were rendered untenantable by reason of the defendant's failure to complete the repairs. *Myers* v. *Burns,* 35 N. Y. 269; *Hexter* v. *Knox,* 63 N. Y. 561. The defendant did prove the rental value of certain rooms on the upper floors amounting to $150. From the judgment being in his favor we must assume that the justice allowed for the other items of damage improperly admitted, and for this error the judgment will have to be reversed, and a new trial ordered, with costs to abide the event. All concur.