CORN *et al. v.* ROSENTHAL.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

**1. LANDLORD AND TENANT—ORAL CONDITION OF LEASE—PAROL EVIDENCE.**

In an action by a lessor for rent payable in advance, parol evidence of the lessee is competent to prove the existence and breach of an express oral condition that the lease was not to take effect unless possession was delivered two weeks before the commencement of the term. *Reynolds v. Robinson,* 18 N. E. Rep. 127, 110 N. Y. 654, followed.

**2. WITNESS—CREDIBILITY OF LESSEE—PROVINCE OF JURY.**

In such case the court erred in directing a verdict for the lessee, as the testimony of the lessee, though unimpeached, was that of a party in interest, whose credibility was a question for the jury.

Appeal from eleventh district court.

Action by Samuel and Henry Corn against Joseph Rosenthal for rent. From a judgment entered on a verdict directed for defendant, plaintiffs appeal. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Carlisle Norwood,* for appellants. *F. R. Minrath,* for respondent.

BISCHOFF, J. This action was brought to recover the first installment of rent which had accrued under an alleged lease in writing as follows:

"NEW YORK, Dec. 18th, 1891.

"It is hereby agreed between Samuel & Henry Corn & Joseph Rosenthal that the said Samuel & Henry Corn do lease unto the said Joseph Rosenthal the part of store & basement of 127 Greene St. from February 1st, 1892, to February 1st, 1893, at the annual rent of $1,000, payable monthly in advance, except such portion of the store which is now occupied by Hockmeyer Bros., which has nothing to do with said lease.

[Signed]　　　　　　　　　　　　　　"SAMUEL & HENRY CORN.
　　　　　　　　　　　　　　　　　　"JOSEPH ROSENTHAL."

On the trial, the defense that the instrument purporting to be a lease was executed and delivered upon the express oral condition that it was not to take effect unless possession of the premises thereby intended to be demised was delivered to the lessee two weeks before the commencement of the term, which was not done, was sought to be established by the testimony of the defendant lessee. This testimony was admitted, under objection and exception, respecting its competency, by plaintiffs' counsel; and when the introduction of evidence was concluded it remained substantially unchallenged. Thereupon, on motion of defendant's counsel, and again under objection and exception by plaintiffs' counsel, the court directed the jury to find for defendant. We are of the opinion that the testimony objected to and admitted was competent for the purpose for which it was offered, under the ruling of the court of appeals in *Reynolds* v. *Robinson,* 110 N. Y. 654, 18 N. E. Rep. 127, but that the trial justice erred in withdrawing the case from the jury's consideration. Defendant's testimony was that of a party in interest, whose credibility should be determined by the jury, though it remained otherwise unimpeached. Neal's testimony, by which defendant was sought to be corroborated, falls short of having that effect. He heard confessedly only part of what defendant said immediately after the execution and delivery of the paper, so that it does not appear from his testimony that defendant's proposition was assented to by plaintiffs. *Elwood* v. *Telegraph Co.,* 45 N. Y. 549; *Gildersleeve* v. *Landon,* 73 N. Y. 609; *Honegger* v. *Wettstein,* 94 N. Y. 252; *Kavanagh* v. *Wilson,* 70 N. Y. 177; *Bank* v. *Diefendorf,* 123 N. Y. 191, 200, 25 N. E. Rep. 402. The judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event.