---

### HALL et al. v. BERTON.

(Supreme Court, Trial Term, New York County. April 27, 1896.)

1. EVIDENCE—PAROL TO MODIFY WRITING.
    Where a written lease for a term required by the statute to be in writing, duly executed by both parties, contains mutual covenants, and appears to be complete in itself, an agreement to make repairs, alleged to have been made at the same time, cannot be established by parol.

2. CONTRACTS—PROMISE WITHOUT CONSIDERATION.
    A promise to repair made by a landlord to his tenant during the tenancy, and without other consideration than such tenancy, cannot be enforced.

Action by Harry J. Hall and others, executors, against Rafala S. Berton, to recover rent under a lease. Judgment for plaintiffs.

Powers & Sands, for plaintiffs.
I. N. Miller, for defendant.

McADAM, J. The executors of William H. Hall sue to recover rent due upon a sealed lease of premises, 243 Greenwich street, demised for five years from May 1, 1893, at a specified rental. The defense is that the lease was signed in consideration of a promise by the testator to make certain permanent repairs to the cellar, and

that during the term the promise was renewed. Both promises were oral. The only consideration alleged is the execution of the lease and the defendant's promise not to remove. The defects of the cellar, if such they were, existed before the hiring. The tenant was aware of them, and presumably took the premises for better or for worse. Bloomer v. Merrill, 1 Daly, 485. The second promise is clearly without consideration and unenforceable. Gottsberger v. Radway, 2 Hilt. 342; Speckels v. Sax, 1 E. D. Smith, 253. In legal contemplation, the mutual provisions of the lease formed its only consideration. This brings us to the vital question whether what is alleged to have been said as to repairs prior to the execution of the lease was merged in it, or amounts to an independent collateral agreement, which, though oral, is provable without impairing the rule that written instruments, which apparently contain the entire agreement of the parties, are not to be varied or enlarged either in their terms or legal effect by oral evidence. The settled rule is that where, upon the inspection of a contract, it appears to contain the entire engagement of the parties, and to define the object and measure the extent of such engagement, it constitutes and is presumed to contain the whole contract. Eighmie v. Taylor, 98 N. Y. 288; Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297. The court in the case last cited said: "All prior and contemporaneous negotiations and oral promises in reference to the same subject are merged in the written contract, and the rights and duties of the parties are to be determined by that instrument." The principle has been frequently applied to leases and other writings. Wilson v. Deen, 74 N. Y., at page 533, cited and approved in House v. Walch, 144 N. Y. 418, 39 N. E. 327; Marsh v. McNair, 99 N. Y. 174, 1 N. E. 660; Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961.

To hold that a promise to repair, not contained in a lease, is an independent collateral agreement, would not only deprive the plaintiffs of all protection of the rule stated, but impair its object, and put landlords almost at the mercy of tenants. The lessor, careful to reduce his agreement to writing, has since departed this life, and there are no means of contradicting any evidence of oral promises which the defendant may offer. If there is any efficacy in the old rule, it ought to be enforced to protect the estate from dangers resulting from unreliability of memory of conversations long since past. To bring a case within the rule admitting parol evidence to complete an entire agreement of which a writing is only a part, the writing must appear on inspection to be an incomplete contract. Case v. Bridge Co., 134 N. Y. 78, 31 N. E. 254; Thomas v. Scutt, supra. The reverse of that appears here. The obligation of a landlord to repair rests solely upon express covenant. Witty v. Matthews, 52 N. Y. 512. The lease, which is one the statute requires to be in writing, appears to have been carefully drawn, and was executed with every formality. It contains mutual covenants, and there is no apparent reason why every other promise should have been put in and this one left out. In Mayor, etc., of New York v. Price, 5 Sandf. 542, the tenant undertook in like manner to prove that the landlord, contemporaneously with the execution of the lease, agreed

to make certain repairs; and the court (at page 550) said: "The lease is an instrument apparently perfect in itself, and purports to contain the agreement of each party. There are no ambiguities in the terms of the lease, requiring explanations to make it intelligible. In such a case it cannot be shown that there was a promise of either party different from, or in addition to, those contained in the executed contract." To the same effect are Mayer v. Moller, 1 Hilt. 491; Howard v. Thomas, 12 Ohio St. 201. In Post v. Vetter, 2 E. D. Smith, 248, the same principle is reiterated, with the qualification that such a promise made during the term, founded on a new consideration, may be proved. The cases relied upon by the defendant are distinguishable either by the fact that they refer to agreements not required to be in writing or to a different state of facts. In Chapin v. Dobson, 78 N. Y. 74, the plaintiff was allowed to prove a warranty on a sale as collateral to the principal contract. In Clenighan v. McFarland (Com. Pl.) 11 N. Y. Supp. 719, the oral agreement was to put premises in repair before the commencement of the term, and as a condition precedent to the operation of the lease. So in Mann v. Nunn, 43 Law J. C. P. 241, the agreement was to put an unfinished house in a state fit for habitation before the commencement of the term. In the Clenighan Case the court recognizes the distinction by holding that, if the agreement had been to make repairs during the term, proof of the oral agreement would have been inadmissible; and so in the other cases the promise held to be collateral was to do acts antecedent to the operation of the demise. When the statute requires the terms of a contract to be in writing, neither party will be permitted to show that it was other or different from what is expressed. Routledge v. Worthington Co., 119 N. Y. 592, 23 N. E. 1111. It is a task to reconcile the cases, and get at their distinguishing features, for the question of what constitutes a collateral undertaking is necessarily close, and requires the greatest care in enforcing one rule that another equally important to the administration of justice may not be impaired. If the answer had alleged that the repairs were to be made antecedent to the term, and that their performance had been postponed at the request of the landlord until after it had commenced, there might have been force in the defendant's contention that the promise was collateral to the lease.

For these reasons, the oral evidence was properly excluded, and the plaintiffs are entitled to judgment for $1,194.48.