HALL et al. v. BESTON.

(Supreme Court, Appellate Division, First Department.    February 11, 1898.)

1. EVIDENCE—IDENTIFICATION OF LEASE.
   Where the answer admits the making of the written lease sued on, and the subscribing witness proves his own signature, defendant's objection that the lease is not sufficiently identified to be admissible in evidence is bad.

2. TRIAL—CLOSE OF TESTIMONY—OBJECTIONS.
   Defendant offered to prove certain facts.    The court said: "I will consider your offer.    If I decide against you, the case is finished.    If I decide in your favor, you will go on with your testimony to-morrow morning."    No objection was made to the statement, and the decision was against defendant.    Held, that he could not object that he was not permitted to introduce other evidence.

3. APPEAL—OFFER OF PROOF—PRESUMPTION.
   Where defendant has made an offer of proof, in the absence of any other statement in the record, it must be considered that the offer contained a statement of the facts which it was claimed would prove the defense set up.

4. WRITTEN LEASE—PAROL REPRESENTATIONS—EVIDENCE.
   In an action on a written lease for five years, defendant lessee cannot prove that he signed it on the faith of parol representations that certain defects in the premises, then known to him, would be repaired by the lessor.

5. SAME—ORAL AGREEMENT—WANT OF CONSIDERATION.
   After a lessee had entered under a written lease for five years, he notified the lessor that he should move, because of certain defects in the premises, known to him when he signed the lease.    The lessor agreed to repair the defects, the only consideration for the agreement being the lessee's promise to remain.    The lessee continued in substantial possession of the entire premises, but the defects were not repaired.    Held, that the failure to repair would not support a counterclaim in an action for the rent, the agreement being void for want of consideration.

Appeal from trial term.

Action by Henry J. S. Hall and others, as executors of the last will of William H. Hall, deceased, against Rafala S. Beston, trading under the name of R. S. Beston & Co.    From a judgment in favor of plaintiffs, entered on the decision of the court after trial at trial term without a jury, defendant appeals.    Affirmed.

For opinion on former appeal, see 43 N. Y. Supp. 304. · ·

Argued before VAN BRUNT, P. J., and McLAUGHLIN, BARRETT, RUMSEY, and INGRAHAM, JJ.

Isaac N. Miller, for appellant.
John M. Bowers, for respondents.

INGRAHAM, J.    The action was brought to recover the rent due by the defendant under a lease between the plaintiffs' testator and the defendant.    The complaint alleged the making of the lease; that the defendant had not paid the rent for the months of May, June, July, August, September, October, November, and December, 1895, aggregating $1,600, except the sum of $450, paid on account, leaving a balance of $1,150 due and unpaid.    The answer admits the making of the lease; denies that the rent is unpaid; and alleges as a separate answer and defense, and by way of counterclaim, an agreement between the plaintiffs' testator and the defendant for a consideration of which the lease in the complaint was signed, whereby the plaintiffs' testator agreed to make certain repairs in the cellar and upon the roof, and to abate a nuisance occasioned by defective drainage of said

cellar; that the plaintiffs' testator failed to carry out that agreement, and that thereupon the plaintiffs' testator broke the covenant in the lease contained that the lessee should have, hold, and enjoy the said demised premises. The damage to the defendant in consequence of the failure to keep such agreement is alleged to be the sum of $5,000, and judgment is demanded against the plaintiffs for that amount. The plaintiffs' reply denied every allegation in the answer constituting a counterclaim. The case came on to be tried at a trial term of the court. A jury was waived, and the case was thus tried before the court without a jury. The court found the making of the lease, the default in the payment of the rents, and that the amount due was $1,150, and judgment was thereupon entered in favor of the plaintiffs for that amount, with costs. The trial seems to have been somewhat informal. The making of the lease was admitted by the answer, and it was also proved by the subscribing witness. It is true, he testified that he did not remember who signed the defendant's name to it, but he proved his own signature. The objection to the lease was that it was not identified; not that it was not sufficiently proved. The objection was clearly bad, and, as no other objection was taken, no other can be considered on appeal. The husband of the defendant was called as a witness. He testified that he was the agent and attorney for the defendant, and was then asked as to the condition of the premises at the time of the lease. That was objected to. Counsel for the defendant then made an offer of proof, and, in the absence of any other statement in the record, it must be considered that this offer contained a statement of the facts which it was claimed would prove the defense set up in the answer. That offer was to prove that before the execution of the lease, the lessor undertook and agreed to make the cellar water-tight, so that it would be available for the purposes for which the defendant desired it; that he attempted to do so, and did not succeed; that the defendant notified the lessor that he considered the covenant and agreement broken, and that he should move; that plaintiff then made a new contract with him, and agreed that, if he would remain he would put the cellar in repair, so that it should be available to him for the purposes for which he wanted it; that on these conditions he did so remain; that Mr. Hall again attempted to fix it repeatedly, but that the water continued to come into the cellar, and filled it to such an extent that it was unavailable for the purposes for which the defendant wished it; and that by reason of this failure the defendant was greatly damaged and injured, as stated in the answer. These were the only facts that the defendant offered to prove. Counsel for the defendant subsequently made the claim "that there was a defect in the construction of the building, and that these repairs were substantial and lasting, and of a general nature, and that there was a covenant for quiet enjoyment, which was broken, we not being able to use this at all." The court then asked the counsel for the defendant whether the statements which he alleged were made by the landlord were oral or in writing. Counsel replied that the statements were oral. The court then asked whether the understanding had after the lease was made was founded on any new and independent consideration, or any consideration other than the promise

of the tenant to remain. To that the counsel for the defendant said: "The promise of the tenant to remain. He was about to remove." The Court: "That was the sole consideration?" Counsel for the Defendant: "That was the consideration." The court then said: "I will consider your offer. If I decide against you, the case is finished. If I decide in your favor, you will go on with your testimony to-morrow morning." To that statement of the court no objection was made, and counsel must be held to have acquiesced in this method of terminating the trial. The question for the court then was whether the facts stated in the offer would prove either the defense or the counterclaim set up in the answer. The following statement then appears in the case: "The amount due on the lease is one thousand one hundred and fifty dollars, and the interest is forty-four dollars and forty-eight cents, making one thousand one hundred and ninety-four dollars and forty-eight cents." To that no objection was made by either of the counsel, and it must be held to be a conceded fact. Subsequently, and on the next morning, the court sustained the objection to the testimony offered, and to that decision of the court the defendants excepted. The sole question upon this appeal is whether the facts alleged in the offer would constitute the defense to the action of the counterclaim set up in the answer. The lease is under seal, dated ———— day of April, 1893. By it the landlord leased to the defendant the store No. 243 Greenwich street, in the city of New York, for the term of five years from the 1st day of May, 1893, at the yearly rent or sum of $2,000 for the first year and $2,400 per year for the remaining years, and the defendant covenanted to pay that rent and the charge for Croton water. There was no covenant in the lease that either party would make any repairs, but the defendant covenanted that she would quit and surrender the premises at the expiration of the term demised in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted, and there was a covenant on behalf of the landlord of quiet enjoyment. The court delivered an opinion upon sustaining the objections, holding that the defects in the cellar, if such there were, existed before the hiring, and that the tenant was aware of them, and presumably took the premises for better or worse; that the second promise was without consideration and unenforceable; that the prior negotiations were merged in the written instrument; that the rights and duties of the parties were to be determined by that instrument; and that this promise to repair, not contained in the lease, was not an independent collateral agreement. We think that the court was clearly right in the determination of this question, for the reasons stated upon sustaining the objection to the evidence. It was not alleged in the answer, nor did the defendant offer to prove, that she did not actually occupy the premises during the term for which the rent was unpaid, nor that she ever surrendered, or offered to surrender, the leased premises. The answer alleges that she was unable to occupy the cellar, which was a comparatively unimportant part of the demised premises.

We think, therefore, upon the whole case, that the judgment appealed from should be affirmed, for the reasons stated in the opinion of the trial judge, with costs. All concur.