(31 Misc. Rep. 257.)

HAMILTON v. EMERSON.

(Supreme Court, Appellate Term.    April 16, 1900.)

PAROL EVIDENCE—LEASE—COLLATERAL AGREEMENT.
    A complete written lease, providing that "the lessor shall not be respon-
    sible for any latent defect or change of condition in the premises, or for
    damages to the same," and that "the rent shall not be withheld or dimin-
    ished on account of such defect, change, or damage," and requiring the
    lessee to keep the premises in repair at his own expense, cannot be varied
    or contradicted by evidence of a collateral parol agreement on the part of
    the lessor that the premises were in a tenantable condition, and fit for
    occupancy.

Appeal from city court of New York, general term.

Action by Erastus Hamilton against Edward R. Emerson.    From
a judgment of the general term (62 N. Y. Supp. 1138) affirming a
judgment for defendant, and an order denying a new trial, plaintiff
appeals.    Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR-
MAN, JJ.

Alexander & Colby (Bainbridge Colby and John Quinn, of counsel), for appellant.

Hardy & Shellabarger (Charles J. Hardy, of counsel), for respondent.

O'GORMAN, J. The only question presented on this appeal is whether, in an action for rent under a written lease, the tenant may prove a parol agreement on the part of the lessor that the premises were in a tenantable condition, and fit for occupancy, said parol agreement being alleged to be a part of the consideration, and the condition for the making of the lease by the defendant. In our opinion, the allowance of such proof upon the trial over plaintiff's objection constituted error requiring a reversal of the judgment. Proof of a parol collateral agreement is admissible only when it is consistent with the writing, provided the latter is complete. It must relate to a matter upon which the document is silent. If it modifies, or varies, or contradicts the writing, it is beyond the exception to the rule, and must be excluded. Stephens, Dig. Ev. 221; Wilson v. Deen, 74 N. Y. 531; Costello v. Eddy (Sup.) 12 N. Y. Supp. 236, affirmed in 128 N. Y. 650, 29 N. E. 146; Hall v. Boston, 16 Misc. Rep. 528, 38 N. Y. Supp. 979; Id., 26 App. Div. 107, 49 N. Y. Supp. 811; Johnson v. Oppenheim, 55 N. Y. 280; Franllin v. Brown, 118 N. Y. 110, 23 N. E. 126, 6 L. R. A. 770; Seitz v. Machine Co., 141 U. S. 517, 12 Sup. Ct. 46, 35 L. Ed. 837. In the case before us the defendant entered into possession of the premises, paid one month's rent, and attached no condition to the delivery of the lease, which provided, among other things, as follows:

"The lessor shall not be responsible for any latent defect or change of condition in the premises, or for damage to the same, * * * and the rent shall not be withheld or diminished on account of such defect, change, or damage. * * * The lessee shall keep in repair, at the lessee's own expense, the said premises."

Under the rule that, where there is no express covenant, the tenant is without remedy, even if the demised premises are unfit for occupancy (Meserole v. Sinn, 34 App. Div. 33, 53 N. Y. Supp. 1072, affirmed in 161 N. Y. 59, 55 N. E. 274), this lease is to have the same effect as if it contained the words, "The lessor does not covenant that the premises are fit for occupancy." This is the inevitable legal conclusion to be drawn from the language employed, and yet the defendant contends that he should be allowed to absolutely contradict this part of the lease by proving the very opposite by parol evidence. We cannot give our sanction to such a contention. The rule invoked by the plaintiff is a salutary one, and, notwithstanding the emasculatory process through which it has passed in many cases, some of which are cited by the respondent, it is still one of the fixed rules in our juridical system, and its application in the case at bar required the exclusion of the parol evidence offered to impeach or neutralize the written agreement of the parties. Promises or stipulations such as those relied on by the defendant have been uniformly held to be merged in the written instrument executed by the parties. Wilson v. Deen; Hall v. Boston, supra. In view of

the completeness of the written lease, and its provisions respecting the condition of the premises, it is idle to argue that the alleged oral agreement is a separate and independent agreement. In Chapin v. Dobson, 78 N. Y. 74, oral proof was received because the writing purported to give only part of the agreement. Here it is very clear that the writing is in all respects complete, and that the parties evidently regarded it as embracing all their engagements. In Clenighan v. McFarland (Com. Pl.) 11 N. Y. Supp. 719, cited by the defendant, it does not appear that the lease contained specific covenants respecting the condition of the premises in suit, or that it was in other respects complete.

For the error in the admission of this proof, without considering the other points raised, the judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.