## GREENE v. KER.

(Supreme Court, Appellate Term. November 3, 1905.)

EVIDENCE—LEASES—TERMS—PAROL EVIDENCE.

In order for a tenant, holding under a written lease, to show an oral agreement on the part of the landlord to make repairs, the tenant must show that the agreement was a condition to the making of the. lease, and an oral agreement to repair during the term of the lease, as distinguished from repairs to be made before the tenancy commenced, is not collateral, and is inadmissible.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2048–2051.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Florence K. Greene against Katherine Ker. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

J. Brownson Ker, for appellant.
Joseph P. Bickerton, for respondent.

BISCHOFF, J. Upon the trial of this action, brought to recover rent due under a written lease, the jury rendered its verdict in favor of the defendant, the tenant, upon a defense based upon the landlord's nonobservance of an. alleged collateral agreement to make certain repairs. The so-called collateral agreement was oral, and, according to the defendant's own version of the facts, it provided for the making of these repairs, not as a condition to the making of the lease, but, more properly speaking, as a condition of the lease itself, since the repairs were to be made after the commencement of the term and at such time as the tenant should afterwards fix. It may have been possible to construe the testimony given by the defendant in such manner as to support a finding in her favor, upon the theory that this alleged oral agreement was a condition to the making of the lease; but her testimony on the point was involved, and the matter was, at best, left in much doubt.

Within the authorities, it was absolutely essential for the defendant to prove that the oral agreement, if made, was collateral to the written lease, and its character as a collateral agreement would be totally destroyed if the repairs were to be made during the term of the lease, as distinguished from repairs to be made before the tenancy commenced and as a condition to the making of the written lease. Hall v. Beston, 16 Misc. Rep. 528, 38 N. Y. Supp. 979; Id., 26 App. Div. 105, 49 N. Y. Supp. 811; Id., 165 N. Y. 632, 59 N. E. 1123; Clenighan v. McFarland (Com. Pl.) 11 N. Y. Supp. 719. As to whether the asserted oral agreement

was ever made, the evidence presented is in very serious conflict, and, in view of the inconsistent character of the defendant's testimony upon the crucial point which lay at the foundation of her right to establish an agreement of this character by parol, there appears to have been no improper exercise of discretion in the granting of an order for a new trial.

The order is therefore affirmed, with costs. All concur.