## TOBEY v. MATTIMORE.

(Supreme Court, Appellate Term. May 16, 1907.)

1. LANDLORD AND TENANT—REPAIRS—LIABILITY FOR FAILURE TO MAKE.

A lessee is not entitled to recover for a breach of an agreement made by the original lessor, collateral to the lease and resting in parol, that the lessor would put the premises in good repair, against the assignee of one to whom the premises were conveyed subject to the lease.

2. SAME—ACTIONS—EVIDENCE.

In an action for rent, the omission to prove that the lease offered in evidence was signed by the lessor was immaterial, where the answer admitted that the premises were leased for the term specified in the complaint.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Harry G. Tobey against Thomas Mattimore. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Edward J. Meegan, for appellant.
Arthur S. Luria, for respondent.

SEABURY, J. This action was brought to recover rent claimed to be due under a written lease. The lease was for a term of three years and three months, commencing on July 1, 1903, and ending September 30, 1906. The complaint alleged that on December 9, 1903, the plaintiff's assignor purchased the premises described in the lease, and that from July 1, 1904, the defendant attorned to him. The answer contained a counterclaim for damages alleged to have been sustained by the defendant from the breach of an agreement by the original lessor, not contained in the lease, but alleged to have been made before the lease was executed and as a condition of its execution, that the lessor would put the premises in good repair. Upon motion of the plaintiff, and subject to the exception of the defendant, the counterclaim was dismissed, and judgment awarded to the plaintiff.

The pleadings and proof showed that one Dewey made the lease to the defendant, and that subsequently one May conveyed the premises subject to the lease to Morse, who assigned all his right, title, and interest in the lease to the plaintiff. The plaintiff was therefore the assignee of one who was the grantee of the premises, which had been leased by another to the defendant prior to the conveyance to the plaintiff's assignor. In an action for rent, the lessee may set up as a counterclaim damages arising from a breach of an agreement, contained in the lease, on the part of the lessor to keep the premises in repair. Cook v. Soule, 56 N. Y. 420; Myers v. Burns, 35 N. Y. 269. Parol evidence of a collateral undertaking, such as that alleged in the answer, made prior to, and at the time of, and as a condition for, making the lease, is admissible in support of such counterclaim in an action by the lessor to recover rent. Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127; Corn v. Rosenthal, 1 Misc. Rep. 168, 20 N. Y. Supp. 632, affirmed 3

Misc. Rep. 72, 22 N. Y. Supp. 700. See, also, 3 Misc. Rep. 639, 23 N. Y. Supp. 1160; Clenighan v. McFarland, 16 Daly, 402, 11 N. Y. Supp. 719.

It is undoubtedly true that Morse took the premises subject to the terms of Dewey's lease to the defendant, but it does not follow from this that he took it subject to any collateral agreement, outside of the lease and resting in parol, that may have existed between Dewey and the defendant. When the defendant paid rent to Morse, he attorned under the terms of the written lease. If the defendant had an oral agreement, collateral to the lease and not expressed in it, with Dewey, the original lessor, which was broken by the latter, the defendant's remedy is an action to recover damages against him for such breach. A tenant cannot hold the assignee of a subsequent grantee of the land for damages for the breach of an agreement of the lessor not expressed in the lease. Such an agreement as that alleged, when not expressed in the lease, is personal, and does not run with the land. The ruling of the trial justice dismissing the counterclaim was proper.

The omission to prove that the lease that was offered in evidence was signed by Dewey is immaterial, in view of the admissions contained in the answer that the defendant leased the premises from Dewey for the term specified in the complaint.

Judgment affirmed, with costs. All concur.