### SCHWEIG v. MANHATTAN LEASING CO.

(Supreme Court, Appellate Term. May 16, 1907.)

EVIDENCE—PAROL EVIDENCE—WRITTEN CONTRACT—COLLATERAL AGREEMENT.

In an action for breach of a lease of certain apartments for two years from October 1, 1905, parol evidence was admissible to prove a collateral agreement, made prior to the lease and in consideration thereof, by which defendant agreed to give plaintiff possession on August 15, 1905, and to have the premises in a tenantable condition on that date, which it failed to do.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2048, 2049.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Paul J. Schweig against the Manhattan Leasing Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

I. Henry Harris, for appellant.

Goldfogle, Dohn & Lind, for respondent.

SEABURY, J. The complaint alleges that the plaintiff and defendant entered into a lease, whereby the defendant let to the plaintiff a certain apartment in the premises specified in the lease for the term of two years, commencing October 1, 1905, and terminating September 30, 1907, in consideration of an annual rent of $1,400.

The complaint also alleged that, as an additional consideration to the plaintiff for the signing of the lease, the defendant agreed to give the plaintiff the possession of said premises on August 15, 1905, and on that day to have the premises in a habitable and tenantable condition, and alleges a breach of this agreement by the defendant.

Upon the trial the counsel for the plaintiff attempted to prove that, as a condition for making the lease, it was agreed that the lease should not take effect unless possession was given to the plaintiff on August 15, 1905, but was prevented from so doing by the rulings of the learned trial justice. It is true that several of the questions propounded by the counsel for the plaintiff were objectionable in form; but this cannot be asserted of all of them, and it is clear from the record that they were objected to and excluded upon the ground that, the lease being in writing, parol evidence to prove the agreement alleged was incompetent. We think these rulings were erroneous, and that the plaintiff was entitled to prove the collateral agreement, made prior to the signing of the lease and in consideration of the lease itself. Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127; Corn v. Rosenthal, 1 Misc. Rep. 168, 20 N. Y. Supp. 632, affirmed 3 Misc. Rep. 72, 22 N. Y. Supp. 700. See, also, 3 Misc. Rep. 639, 23 N. Y. Supp. 1160. We regard the case at bar as similar in principle to the case of Corn v. Rosenthal, supra.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.