ERNEST TRIBELHORN, Inc., v. HANAVAN.

(Supreme Court, Appellate Term. May 7, 1909.)

EVIDENCE (§ 442*)—PAROL EVIDENCE—LEASES.

An oral agreement by a landlord to make repairs, made as an inducement to the execution of a lease silent on the subject, at or before the signing of the lease, together with proof that the repairs were not completed and that the tenant did not occupy the premises, may be shown in an action for rent due under the written lease.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1899; Dec. Dig. § 442.*]

Goff, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Ernest Tribelhorn, Incorporated, against George B. Hanavan. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Royal H. Weller, for appellant.

Norwood & Marden, for respondent.

DAYTON, J. As an inducement, plaintiff promised to make certain repairs at or before the signing of the lease, as is fully shown by the testimony admitted. Some pertinent questions on this head were excluded. The court directed a verdict for the plaintiff. The case of Clenighan v. McFarland (Com. Pl.) 11 N. Y. Supp. 719, seems to be "on all fours" with that at bar, as to the right to the defense here interposed. The jury should have been allowed to pass upon any disputed questions of fact.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

GOFF, J. (dissenting). Plaintiff rented certain premises to defendant by lease for a year. Before signing the lease, defendant obtained from plaintiff a promise that the latter would make repairs to walls and floor. The defendant then signed the lease in the original form, without requesting any alteration of its conditions. The repairs were never completed, and defendant did not occupy the premises. The landlord now sues for rent due under the lease. The only defense which was put in is contained in paragraph 3 of defendant's answer. It reads:

"Defendant alleges that by reason of the failure of this plaintiff to perform his part of said agreement said instrument in writing did not become operative or binding between them."

Although defendant in his answer characterizes the agreement to repair as "an agreement contemporaneous with, independent of, and collateral to said instrument in writing," he does not, either in his pleading, upon the trial, or on this appeal set up his damages for breach of the collateral agreement as grounds for a counterclaim as is customary. Instead he insists that his "collateral agreement" should be read into the written contract in such a manner that the written contract should "not become operative" until the repairs were all completed. It is difficult to conceive of a more potent case of the alteration of a complete written contract by a verbal agreement between the parties. That such a construction cannot for a moment be permitted is so fundamental that the citation of authorities would be wholly superfluous.

The case at bar differs from the case of Clenighan v. McFarland (Com. Pl.) 11 N. Y. Supp. 719, cited by appellant, as in that case the validity of the lease was admitted and the damages for the breach set up as a counterclaim. The counterclaim exceeded the rent in arrears. No attempt was made in that case to alter or question the validity of the written lease in any way, as does the appellant at bar. The two stand upon an entirely different footing. Had appellant sought to introduce oral evidence to explain an ambiguous passage, or

had the writing been but a fragmentary memorandum of a complete contract, the case would have been different, and the evidence would then have been received; but such was not the case. Although this court is mindful of the fact that pleadings in the Municipal Court should be freely construed in the interests of justice, even when they are verified as in the case at bar, yet a recovery cannot be permitted where the only ground urged is one prohibited by the law and no amendment has been sought either below or here.

In view of all the circumstances, the judgment below, directing a verdict for the plaintiff, should be affirmed, with costs.