SAMUEL BROWN, Appellant, *v.* JOHN G. DEGRAFF, Respondent.

Third Department, May 8, 1918.

**Evidence — parol agreement to construct building of certain carrying capacity and to lease the same — failure of building to develop required strength — when proof of parol agreement does not vary or contradict lease.**

Where the defendant, knowing that the plaintiff desired a storehouse for roofing slate in the place of a barn which had been destroyed by fire, orally agreed to construct a storehouse of sufficient capacity and strength to hold at least three carloads of roofing slate and to rent the new structure to the plaintiff and, having constructed a storehouse, gave a written lease thereof without covenants to the plaintiff, but the floor of the new building · collapsed and the slate stored by the plaintiff was precipitated into the cellar and damaged, the plaintiff in an action for damages to the property is entitled to prove the oral agreement as to the carrying strength of the new building.

Said evidence should not be excluded upon the ground that the prior negotiations were merged in the written lease, for the lease was made conditional upon said oral agreement and was ineffective until said agreement was performed and, moreover, the oral promise was collateral to the lease and proof thereof does not tend to contradict or vary the terms of the written instrument.

APPEAL by the plaintiff, Samuel Brown, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Montgomery on the 13th day of February, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*J. H. Dealy,* for the appellant.

*Harry V. Borst,* for the respondent.

COCHRANE, J.:

The plaintiff alleges in his complaint that on August 5, 1915, the defendant leased to him a barn for the purpose of storing roofing slate at the monthly rental of eight dollars, and that he took possession of and has since continuously used and occupied the premises and paid the rent therefor, and that about August 22, 1916, the barn was entirely

destroyed by fire; that the defendant agreed to construct in place of said barn a storehouse of sufficient capacity and strength to hold at least three carloads of roofing slate " on condition that the plaintiff would lease the same for a term of two years at a rental of $120 per year; " that the plaintiff was to have possession of said storehouse immediately upon its completion, and that the increased rent should begin October 1, 1916; that defendant did erect a storehouse for plaintiff for the purpose of storing slate, and the plaintiff on September 25, 1916, " entered into a written lease for said premises for the term of two years as was agreed upon; " that on September 29, 1916, defendant delivered possession of the storehouse to the plaintiff, who immediately began unloading slate therein from a car, and that when about four-fifths of one carload of slate had been placed in said storehouse, the floor thereof collapsed and the slate was precipitated into the cellar and damaged. The complaint states a cause of action for damages to the property of the plaintiff because of breach of contract by the defendant.

The evidence on the part of the plaintiff tends to establish the allegations of his complaint. He testified that after the destruction of the barn by fire the defendant agreed to construct a new building for the use of the plaintiff at a rental to be increased from eight dollars to ten dollars a month. The plaintiff also testified: " I told him that the old building was a good building and when it burned down that I had three carloads of slate in there which would weigh about 120 tons, paper, nails and all the trimmings, and I said if he would put me up as good a storehouse as the old one was it would be all right." He further testified that he was to occupy the building as soon as it was completed and that he was to have a lease thereof for two years. It developed at the trial that on September 25, 1916, a written lease was executed between the parties of the new building for a term of two years to commence October 1, 1916; that two days after the execution of the lease the defendant told the plaintiff that the building was ready for use and on September twenty-ninth, after plaintiff had placed therein about twenty-six tons of slate, being part of one carload, the floor collapsed causing damage to the slate. The lease so far as disclosed by the record

contained no covenants except that the plaintiff covenanted that he would not assign the lease nor sublet the premises nor make any alterations therein without the written consent of the defendant. The plaintiff has paid rent without interruption at the rate of eight dollars a month to October 1, 1916, and since that time at the rate of ten dollars a month.

It is to be observed that although the injury to the plaintiff's property occurred after the execution of the written lease it was nevertheless before the commencement of the term created thereby. The defendant, however, assumes that the case is to be disposed of in all respects as if the accident had occurred after October first, the commencement of the term of tenancy created by the written lease. It may be that such assumption is correct. That lease contains no covenant or agreement as to the condition or strength of the building. It carried with it no implied warranty or agreement that the property was suitable for the purpose for which it was hired. (*Edwards* v. *New York & Harlem R. R. Co.*, 98 N. Y. 245; *Daly* v. *Wise*, 132 id. 306; *Franklin* v. *Brown*, 118 id. 110; *Jaffe* v. *Harteau*, 56 id. 398.)

The plaintiff relies on the oral contract made before the construction of the new building, the effect of which as he contends was that such building would have a carrying strength of 120 tons. The defendant thereupon invokes the rule that prior negotiations were merged in the written lease. That rule, together with its exceptions, received elaborate consideration in the case of *Thomas* v. *Scutt* (127 N. Y. 133, 137), where it was stated: " Delivery upon an unperformed condition and the like may be shown by parol, not to contradict or vary, but to destroy a written instrument. Such proof does not recognize the contract as ever existing as a valid agreement and is received from the necessity of the case to show that that which appears to be, is not and never was a contract."

The oral contract on which the plaintiff relies was not a contract for repairs after the commencement of the lease, nor yet a contract to repair an existing building preparatory to the beginning of a lease. It was a contract to create a building for a particular purpose. Until the building was constructed no lease thereof could be made. The proposed lease, therefore, was clearly conditional on the oral agreement

which the defendant made. Until he performed that agreement, no lease could be effective. That agreement was to construct a building of sufficient strength to carry three carloads of slate. This was the contract which the defendant was to perform before the lease became effective. The lease was conditional on the performance by the defendant of the prior oral contract. Under such circumstances the oral promise is collateral to the written lease and proof thereof does not violate the rule against receiving oral evidence to contradict or vary the terms of a written instrument. It is to be noted that the latter instrument contains no provision inconsistent with the prior oral contract. (*Clenighan* v. *McFarland,* 11 N. Y. Supp. 719; *Sire* v. *Rumbold,* 39 N. Y. St. Repr. 85; *Greene* v. *Ker,* 48 Misc. Rep. 609; *Hall* v. *Beston,* 16 id. 528; *Van Derhoef* v. *Hartmann,* 63 App. Div. 419.)

In *Wilson* v. *Deen* (74 N. Y. 531) the plaintiff sought to cancel a lease on the ground that the defendant failed to perform an oral agreement not covered by its terms. It was held that no ground for equitable relief was established, but the court at page 538 recognized the distinction above indicated as follows: " Reference has not been made to a class of cases in which oral or parol agreements have been held to be collateral to a deed cotemporaneously executed, and not merged in· it, for if the present case could be brought within the principle of those cases, it would not help the plaintiffs, as their only remedy would be an action for damages· for the breach of the parol contract."

In *Mann* v. *Nunn* (43 L. J. [C. P.] 241), a case " where a lessor promised that if the proposed lessee would take the lease of a house, he would put the house in a state fit for habitation, the promise was held to be collateral to the written lease and provable by parol evidence for the purpose of recovering damages for the breach of it." This quotation was recited approvingly in *Chapin* v. *Dobson* (78 N. Y. 74, 81).

In *Hall* v. *Beston* (16 Misc. Rep. 528) the court said in its opinion: " In *Clenighan* v. *McFarland,* 11 N. Y. Supp. 719, the oral agreement was to put premises in repair before the commencement of the term, and as a condition precedent to the operation of the lease. So, in *Mann* v. *Nunn,* 43 L. J. C. P. 241, the agreement was to put an unfinished house in

a state fit for habitation before the commencement of the term. In the *Clenighan* case the court recognizes the distinction by holding that if the agreement had been to make repairs during the term, proof of the oral agreement would have been inadmissible, and so in the other cases the promise held to be collateral was to do acts antecedent to the operation of the demise." That opinion received the approval of the Appellate Division (26 App. Div. 105, 109), and also of the Court of Appeals (165 N. Y. 632).

Cases holding that prior or contemporaneous oral agreements are merged in a written lease differ materially in their facts from the present case. Instances of such cases are *Daly v. Piza* (105 App. Div. 496) and *Smith v. Smull* (69 id. 452), where the distinction is sharply indicated. In the first case it was expressly stated: " It is not claimed that the written lease was not to take effect until the terms of the oral agreement had been complied with," and in the latter case it was said: " The case is not presented of an oral agreement by which it was arranged that the written lease was not to take effect until certain conditions were performed." In the case before us there was not even a building when the oral contract was made which could be the subject of a lease. The oral contract contemplated the construction of a building for a certain purpose and the execution of a lease in respect thereto after the creation of the building. Clearly the lease was not to be effective until the oral conditions were performed. The condition under which the lease was to be executed was that a building was to be constructed capable of carrying a certain weight. Until the defendant complied with that condition he had no right to execute the lease. This condition was not observed by the defendant, and within the authorities his failure to observe the same gives the plaintiff a cause of action for damages which he has sustained by reason of such failure.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred; H. T. KELLOGG, J., not sitting.

Judgment reversed and new trial granted, with costs to appellant to abide event.