CHESTER GARBE and Another, Respondents, *v.* MAX ROSEN, Appellant.

(Supreme Court, Erie Special Term, November, 1918.)

**Evidence — admissibility of parol, to show that an agreement indorsed on a lease was not binding — lease.**

Parol evidence is admissible to show that an agreement indorsed upon a lease upon accepting an assignment thereof was not to become a binding contract until the performance of some condition precedent resting in parol.

Where tenants by an agreement indorsed on the lease and signed by both parties assigned to defendant their five months' interest in the lease and defendant accepted the same subject

to all its conditions, he, in an action to recover rent paid by his assignor, is entitled to show that he signed and delivered his agreement to the agents of the original lessor upon the distinct understanding that it was not to take effect or be binding on him unless said agents, as agents for the original tenants, would procure from the owners of the premises a further lease for the term of two years.

APPEAL from a judgment of the City Court of Buffalo.

Sundel J. Holender, for appellant.

William J. Bullion, for respondents.

WHEELER, J. The plaintiffs were the lessees of certain premises, the lease of which had about five months to run. Having no further use for the premises, they sought for someone to take the premises for the unexpired term, and told Gurney & Overturf, real estate agents, who also represented the owner of the property, that they would like a tenant. It would seem Gurney & Overturf got in touch with the defendant. As a result, the plaintiffs, by an agreement indorsed on the lease itself, and signed by both parties, assigned to the defendant their interest in the lease, and said defendant accepted the same subject to all its conditions.

The evidence shows that the defendant did not pay the owners the rent stipulated in the lease, and that the plaintiffs paid it, and now seek to recover from the defendant the rent so paid. The City Court rendered judgment for the plaintiffs, and from that judgment the defendant appeals to this court.

Upon the trial the defendant sought to show by way of defense that, although he signed the agreement above referred to, as a matter of fact it was signed and delivered to Gurney & Overturf, the real estate agents, with the distinct understanding and agreement that it was not to take effect or be binding on the defendant

11

unless Gurney & Overturf, as agents for the plaintiffs, would procure from the owners of the property a further lease for the term of two years, to commence May 1, 1918 (the expiration of the lease assigned), upon the same terms and conditions as the lease assigned saving and excepting an increased monthly rental of five dollars.

The learned judge of the City Court presiding at the trial excluded the testimony offered, and overruled the offer to prove, holding that such evidence was incompetent, that all prior negotiations were merged in the contract represented by the assignment, and that such contract could not be attacked or varied by parol evidence.

We are of the opinion that the trial court erred in its holding.

The evidence offered was not to vary the terms of the written contract but to show that the contract was signed and placed in Gurney & Overturf's hands conditionally, and never, in fact, had any legal inception, owing to the failure to procure the lease for the additional term of two years. If the defendant can establish the truth of what he offered to show, we think such facts would constitute a perfect defense to the action brought, and it was error to exclude the evidence.

The case of *Smith* v. *Dotterweich,* 200 N. Y. 299, we think, disposes of the question raised. Judge Werner, of the Court of Appeals, in that case reviews the cases, and holds that instruments not under seal may be delivered to the one to whom, upon their face, they are made payable, or who, by their terms, is entitled to some interest or benefit under them, upon conditions the observance of which is essential to their validity; and the annexing of such conditions to the delivery is not an oral contradiction of the written obligation, as between the parties to it, or others having notice.

Judge Werner, in his opinion, pointed out the distinction between conditions precedent and conditions subsequent, in cases of this character. Conditions subsequent cannot be engrafted on a valid contract. If, however, a condition precedent to the contract becoming of force and effect can be shown, then such evidence is competent.

Such is just this case, and upon this authority we must hold the City Court should have received the evidence, and the court, after hearing the testimony, should then have determined whether the defense claimed had in fact been established.

For a further authority on the subject, where the facts are very similar to those presented here, see *Corn* v. *Rosenthal,* 1 Misc. Rep. 168.

The judgment appealed from should be reversed, and a new trial had in the City Court, with costs of this appeal to abide the event.

Judgment reversed, and new trial granted, with costs to abide event.