ROSE GRISCTI, Appellant, v. MORTGAGE COMMISSION OF THE STATE OF NEW YORK, Respondent, and Another, Defendant.— Rosewall Realty Company was the owner of premises on which the Lawyers Mortgage Company had a mortgage. On May 24, 1933, there was default by the mortgagor in payment of interest and taxes; and the mortgage company wished to obtain an assignment of the rents to avoid the expense of foreclosure. This assignment was made and executed by the president of the owner corporation. The assignment was absolute on its face. The plaintiff, one of the stockholders and the daughter of the president of the owner corporation, states in her complaint that as a part of the consideration for the assignment of rents it was agreed orally that she should occupy an apartment in the premises rent free as long as the Rosewall Company should remain the owner; and it was represented to her and her father by the officers of the mortgage company that it was unnecessary to include such provision in the written contract of assignment. She and her father were not represented by counsel at that time. Her right thereafter to occupy the apartment rent free was recognized by the mortgage company and by the Superintendent of Insurance, as rehabilitator of such company. When the Mortgage Commission took over the mortgage it instituted proceedings to remove her from the premises, treating her as a tenant at will. She brought this action seeking to establish this oral collateral contract and for reformation and injunctive relief. The plaintiff made a motion for a temporary injunction. The defendant Mortgage Commission moved for dismissal of the complaint; and the plaintiff made a motion for a declaratory judgment in view of the default of the Superintendent of Insurance, as rehabilitator. The plaintiff's motions were denied; and the motion for dismissal of the complaint was granted "upon the ground that the plaintiff has no legal capacity to sue and upon the ground that the complaint does not state facts sufficient to constitute a cause of action." On appeals by plaintiff, the order denying a temporary injunction is affirmed, without costs. She could interpose the defenses in the proceeding in Municipal Court. (Civ. Prac. Act, § 1425.) If she wished to obtain full relief in her action in Supreme Court, she might apply to that court to stay the action in Municipal Court until a determination of her rights in the Supreme Court; or for removal of the Municipal Court action and consolidation thereof with the action in the Supreme Court. (Civ. Prac. Act, §§ 96, 97.) The order denying her motion for declaratory judgment is affirmed, without costs. Her right to that judgment, which may be granted in the discretion of the court, will depend on the proof she adduces on the trial

and not on the mere fact that one party is in default. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298.) Order granting motion to dismiss complaint modified by striking therefrom the ground that the plaintiff has no legal capacity to sue, and by granting leave to plaintiff to serve an amended complaint within ten days after the entry of the order hereon; and as so modified the order is affirmed, without costs. The plaintiff has misconceived her rights and remedies, and the complaint is inartistically drawn, containing much matter not pertinent to the issue. What plaintiff is apparently attempting to allege is that there was an oral contract for her benefit, collateral to the written contract the consideration for which was the execution of the written contract. Whether she may succeed or not will depend largely on the nature and quality of her proof. (*Eighmie* v. *Taylor*, 98 N. Y. 288; *Thomas* v. *Scutt*, 127 id. 133; *Mitchell* v. *Lath*, 247 id. 377; *Ball* v. *Grady*, 267 id. 470; *Brown* v. *DeGraff*, 183 App. Div. 177; 3 Williston Cont. [Rev. ed.] §§ 631, 632, 647; Richardson Ev. [5th ed.] § 427.) Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.