(63 App. Div. 419.)

## VAN DERHOEF v. HARTMANN.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

LANDLORD AND TENANT—LEASES—PAROL EVIDENCE TO VARY SAME.

In an action on a lease which was complete on its face, and contained no covenant for repair, parol evidence of an oral agreement between the parties at the time of the execution of the lease, for the repair of the premises, was properly excluded.

Appeal from municipal court of city of New York.

Action by Wyckoff Van Derhoef against Charles R. Hartmann. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Robert Stewart, for appellant.
George Hoffman, for respondent.

HIRSCHBERG, J. The defendant hired from the plaintiff the premises No. 298 Clermont avenue, Brooklyn, for the period of one year from August 15, 1900, under a written sealed lease complete upon its face, and containing no covenant to repair. The rent was payable on the 1st of each month. He defaulted in the rent which became due November 1st, and on the trial of the action brought to recover the amount a verdict was directed in plaintiff's favor. The defendant sought to show upon the trial that prior to the execution of the lease, and as an inducement and consideration for it, the plaintiff agreed to make certain repairs to the premises, to be completed before the commencement of the term; all which evidence was excluded by the court. There is no doubt that such evidence would be competent for the purpose of showing an independent contract collateral to the lease, notwithstanding such contract was oral, and the lease in writing and under seal. Clenighan v. McFarland (Com. Pl.) 11 N. Y. Supp. 719; Lewis v. Seabury, 74 N. Y. 409, 30 Am. Rep. 311; Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Stowell v. Insurance Co., 20 App. Div. 188, 46 N. Y. Supp. 802; Hall v. Beston, 26 App. Div. 105, 49 N. Y. Supp. 811 (opinion of McAdam, J., pages 109, 112, 26 App. Div., and pages 979, 981, 38 N. Y. Supp.); Stearns v. Lichtenstein, 48 App. Div. 498, 62 N. Y. Supp. 949. But, even in case of such an independent and collateral contract violated by the landlord, it does not necessarily follow that the tenant may take possession of the premises without apparent protest or objection, and, after retaining them for several months, refuse to pay the stipulated rent. Nor is it necessary in this case to consider what would be the tenant's lawful and appropriate remedy under the conditions suggested. The case must be determined in view of the defense which was interposed, and in that view the rulings of the trial court in excluding the defendant's evidence seem clearly proper. No other question than the propriety of such rulings is presented on this appeal.

The answer alleges:

"That at the time of making the agreement of letting and hiring mentioned in said complaint, a further agreement was also made between plaintiff and defendant, as part and parcel of said agreement of letting and hiring, whereby plaintiff promised and agreed forthwith to make necessary repairs of various kinds to the demised premises, and put the same in good sanitary and tenantable condition as a residence for defendant and his family."

This, instead of setting up the making of an independent contract, collateral to the letting and hiring, and covering repairs to be completed before the commencement of the term, distinctly asserts that the oral agreement for necessary repairs to be forthwith made was

a part and parcel of the contract of lease, and was made at the same time. The case, therefore, presented by the pleading is that of a single, entire agreement, partly written and partly oral. In Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961, the court said (page 138, 127 N. Y., and page 963, 27 N. E.):

"Two things, however, are essential to bring a case within this class: (1) The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties; for in such a case it is conclusively presumed to embrace the entire contract. (2) The parol evidence must be consistent with, and not contradictory of, the written instrument. * * * The principle upon which parol evidence is held admissible to show that a simple assignment, although absolute in terms, was intended as security merely, is the supposed incompleteness of the instrument, and it is not regarded as contradicting the writing, but as showing its purpose. Truscott v. King, 6 N. Y. 147, 161; Chester v. Bank, 16 N. Y. 336, 343; Horn v. Keteltas, 46 N. Y. 605, 610. Where, however, instead of a mere transfer or assignment, there is a contract, appearing on its face to be complete, with mutual obligations to be performed, 'you can no more add to or contradict its legal effect by parol stipulations preceding or accompanying its execution, than you can alter it through the same means in any other respect.' Phil. Ev. (2 Cowen & H. Notes) 668; Renard v. Sampson, 12 N. Y. 561; Shaw v. Insurance Co., 69 N. Y. 286; Long v. Iron Co., 101 N. Y. 638, 4 N. E. 735; Snowden v. Guion, 101 N. Y. 458, 5 N. E. 322; Gordon v. Niemann, 118 N. Y. 153, 23 N. E. 454; Humphreys v. Railroad Co., 121 N. Y. 435, 24 N. E. 695; Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548."

See, also, Eighmie v. Taylor, 98 N. Y. 288; House v. Walch, 144 N. Y. 418, 39 N. E. 327; Voege v. Ronalds, 83 Hun, 114, 31 N. Y. Supp. 353.

The case of Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600, cited by the appellant, has no application to the case presented by the answer. It relates to the execution of a contract upon condition, and which, by agreement of the parties, is not to operate at all until the performance of some prescribed act. The condition may be shown by oral evidence, where the contract itself does not require a seal for its validity.

The evidence of surrender was properly excluded, as relating to a time subsequent to the liability sued upon, and as not embraced within the answer. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.