HENRIETTA U. SMITH, Respondent, *v.* LORENZO B. SMULL, Appellant.

*Written lease — an oral agreement of the landlord prior to its execution and an inducement thereto, to make repairs is merged in the writing.*

In an action to recover rent due under a written lease containing covenants by both parties in relation to repairs, and a covenant by the tenant not to sublet any part of the premises without the landlord's written consent, evidence given in support of a counterclaim contained in the answer, tending to show that, prior to the execution of the lease and as an inducement to the letting, the landlord made a parol agreement to make certain repairs and to permit the tenant to sublet a small house upon the premises, is incompetent, as the parol agreement was merged in the written lease.

APPEAL by the defendant, Lorenzo B. Smull, from a judgment of the County Court of Nassau county in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 14th day of May, 1901, upon the verdict of a jury rendered by direction of the court.

*A. P. Baxter,* for the appellant.

*Clinton B. Smith,* for the respondent.

HIRSCHBERG, J.:

The defendant rented certain premises from the plaintiff by a written lease executed February 26, 1900, for the term of one year

commencing March 1, 1900, at the monthly rental of eighty dollars, payable in advance. The defendant entered into possession and paid all the rent excepting the rent for the last month of the term. On suit brought to recover that month's rent the court directed a verdict for the plaintiff. The answer contained a counterclaim, and the only question presented on the appeal involves the correctness of the rulings excluding evidence designed to show a parol agreement on the part of the plaintiff to make repairs, and to permit the defendant to sublet a small house upon the premises. The written lease contains covenants by both parties in relation to repairs, and a covenant by the defendant not to underlet any part of the premises without the plaintiff's written consent, and the exclusion of the evidence was not error.

In the counterclaim it is alleged that prior to the execution of the lease, and as an inducement to the letting, the plaintiff stated to the defendant that she would put the buildings upon the premises in thorough order and repair so that the same would be tenantable, and further that she would give the defendant the right at any time to sublet the small house; that the defendant took possession relying upon such representations; that the promises were never fulfilled, and that the defendant suffered damage thereby.

That the defendant's evidence was properly rejected was held by this court in the case of *Van Derhoef* v. *Hartmann* (63 App. Div. 419) notwithstanding the fact that in that case the oral agreement was for repairs to be completed before the term commenced. The answer alleged that the oral agreement was a part and parcel of the hiring, and it was accordingly held that it was not an independent and collateral engagement. In this case the agreement was not only a part of the hiring, but is in conflict with the written provisions of the lease. The agreement, if made, was merged in the written document, and the latter being complete and covering the subjects of the alleged oral promises cannot be contradicted or varied by the latter. The case is not presented of an oral agreement by which it was arranged that the written lease was not to take effect until certain conditions were performed. The case is governed by the well-established rule of law as stated by RAPALLO, J., in *Wilson* v. *Deen* (74 N. Y. 531, 534), "that a written contract merges all prior and contemporaneous negotiations and oral prom-

ises, in reference to the same subject, and that when the terms of a lease are in writing, the rights and duties of the parties depend upon the terms or legal intendment of the lease itself, or, as otherwise expressed, that it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking are embraced in the writing. This rule has been repeatedly applied to cases like the present, where tenants have set up oral agreements or promises alleged to have been made by the landlord, at the time of, or before, the execution of the lease, and as an inducement thereto. The alleged promises have, in most of the cases, been to put the premises in repair, but they have uniformly been held to have been merged in the lease. (*Cleves* v. *Willoughby*, 7 Hill, 83; *Speckels* v. *Sax*, 1 E. D. Smith, 253; *Howard* v. *Thomas*, 12 Ohio State, 201; *Brigham* v. *Rogers*, 17 Mass. 571. See, also, *Renard* v. *Sampson*, 12 N. Y. 561; *Ruse* v. *Mut. Ben. Life Ins. Co.*, 23 id. 516; *Johnson* v. *Oppenheim*, 55 id. 293.)"

To the same effect are *Hartford & N. Y. Steamboat Co.* v. *Mayor* (78 N. Y. 1); *Ely* v. *Fahy* (79 Hun, 65), and *Hall* v. *Beston* (26 App. Div. 105).

The judgment should be affirmed.

All concurred.

Judgment of the County Court of Nassau county affirmed, with costs.