---

(45 Misc. 379)

## THOMAS v. DINGELMAN.

(Supreme Court, Appellate Term. November 10, 1904.)

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS FOR RENT—COUNTERCLAIM —REPAIRS.

Where a written lease binds the tenant to do all repairs required to the plumbing, he cannot show a prior oral agreement whereby the landlord agreed to put the premises in perfect condition, breach of which the tenant alleges by way of counterclaim.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Summary proceedings by James R. Thomas against Johanna Dingelman for nonpayment of rent. From a judgment dismissing a counterclaim, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

R. & A. C. Weil, for appellant.

Sidney H. Stuart, for respondent.

FREEDMAN, P. J. The petition is the usual one for nonpayment of rent. The lease was dated July 15, 1903, and its term was for five years from September 1, 1903, and contained a clause "that the tenant shall take good care of the house and its fixtures, and suffer no waste, and shall at her own cost and expense make and do all the repairs required to the plumbing work and pipes, furnace, range and fixtures belonging thereto, and shall keep the Croton pipes and the connections with the Croton main free from ice and other obstructions at her own expense." The answer admits the making of the lease, but sets up, as a counterclaim, allegations that before the execution of the lease, as an inducement to execute the same, it was agreed between the parties that the landlord should put the premises in perfect and first-class order, condition, and repair; that the tenant could and did not discover the condition of the plumbing and other defects of the premises until she took possession thereof; that, upon the refusal of the landlord to make the repairs, she did so, at an expense of $111.35; that she has offered to pay all the rent due, except the amount of the expenses incurred by her—and asks to pay the sum of $325.50 into court, being the amount due for rent, less the claim for said repairs, and finally prays for a final order dismissing the petition.

Upon the trial the proof showed that the defendant entered into possession of the premises August 15th, although her term did not com-

mence until September 1st; that her alleged counterclaim was set forth in a bill of particulars filed, which contained items for repairs extending over a period beginning from September 5, 1903, and ending April 28, 1904, and all relating to plumbing and other work specified in the lease, and which, by its terms, the defendant agreed to do. Upon this appearing, the trial court ruled out any testimony relative to the alleged counterclaim as set forth in the bill of particulars. In this he was correct. The agreement sought to be proven was merged in the lease. Had the lease remained silent upon the question of repairs, as in Van Derhoef v. Hartman, 63 App. Div. 419, 71 N. Y. Supp. 552, relied upon by the appellant, it might have been claimed with some force that proof of a collateral independent agreement as an inducement to enter into the lease could be shown; but the testimony sought to be introduced by the defendant was an attempt to change or alter the terms of a written instrument, and was properly excluded by the court.

In order to bring a case within that class of cases where proof of an oral independent agreement made at the same time as a written instrument may be given, the writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties, for in such a case it is presumed to embrace the entire contract. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961.

Judgment affirmed, with costs. All concur.