(45 Misc. 608)

## DALY v. PIZA.

(Supreme Court, Appellate Term. December 7, 1904.)

**1. LEASE—COLLATERAL ORAL CONTRACT—MERGER.**

> An independent oral contract, collateral to a lease. for making repairs prior to the beginning of the term, is not merged in the lease, though the lease is in writing under seal.

**2. SAME—BREACH—MEASURE OF DAMAGES.**

> Where premises were rented to be used as a boarding house, the tenant is entitled to recover from the landlord, for breach of a contract to repair prior to the beginning of the term, the rental value of the rooms during the time she was deprived of them by defendant's default.

Appeal from City Court of New York, Trial Term.

Action by Sadie A. Daly against J. Samuel Piza. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Cardozo & Nathan (Edgar J. Nathan, of counsel), for appellant.
Austin & McLanahan (Scott McLanahan, of counsel), for respondent.

GILDERSLEEVE, J. This action is brought by a tenant against her landlord to recover damages for the breach of an alleged collateral oral agreement. The complaint alleges that the defendant agreed that, in consideration of the signing by plaintiff of a lease of No. 132 West Sixty-Fourth street, in this city, for the term of one year from October 1, 1901, he would complete repairs to said premises before the said 1st day of October, 1901. The defendant denies the existence of any such agreement. The written lease was duly executed, and is in the usual full form. It is dated September 4, 1901, and provides for a term of one year, with privilege of renewal at the annual rent of $1,800, payable quarterly in advance; and also provides that the tenant is to pay water rent and keep the premises in repair during the term of the lease, commencing October 1, 1901, with other covenants. Upon the subject of any repairs to be made by the landlord prior to the said 1st day of October, 1901, the lease is silent. The defendant contends that all the negotiations had previous to the signing of the lease were merged in the lease, and that it was error to admit evidence of the alleged oral agreement. A verdict was rendered in favor of plaintiff for $300. The defendant appeals.

Upon the trial the plaintiff offered evidence, which the jury were at liberty to believe, tending to show that prior to the execution

¶ 2. See Landlord and Tenant, vol. 34, Cent. Dig. § 563.

of the lease, and as an inducement and consideration for it, the said defendant agreed to make the repairs to the said premises, to be completed before the commencement of the term; that the defendant unreasonably neglected to comply with this agreement; and that plaintiff was damaged thereby in a sum exceeding the amount of the verdict. There is no doubt that such evidence was competent for the purpose of showing an independent contract collateral to the lease, notwithstanding such contract was oral, while the lease was in writing and under seal. See Van Derhoef v. Hartmann, 63 App. Div. 419, 75 N. Y. Supp. 552; Clenighan v. McFarland (Com. Pl.) 11 N. Y. Supp. 719 (General Term decision); McAdam's Landlord and Tenant (3d Ed.) vol. 2, p. 1256.

The appellant claims that an improper measure of damages was adopted. We cannot agree with this contention. The plaintiff hired the premises to be used as a boarding house, of which fact defendant was aware. A certain number of rooms were rendered unrentable by reason of defendant's breach of contract. The lease was made with reference to the use as a boarding house, and an allowance to plaintiff of the rental value of the rooms during the time she was deprived of them by defendant's default, based upon a consideration of the use to which they were to be applied, and which was contemplated by the parties when the lease was executed, affords to the plaintiff a just indemnity, and subjects the defendant to no greater liability than he may be fairly supposed to have intended to assume when the agreement was made. See Hexter v. Knox, 63 N. Y. 561, 565. The plaintiff testified in detail as to the rental value to her of each of the rooms that were untenantable by reason of the default of defendant, stating that the prices which she obtained within a short time after the repairs were finally completed were maintained by her ever since, with the exception of only one room. Upon this basis, which was uncontradicted, the damages amounted to considerably more than the amount allowed by the jury. Under these circumstances it cannot be said that the jury adopted an improper measure of damages, to defendant's prejudice.

The whole case was submitted to the jury clearly and correctly by the learned court below. The verdict of the jury is sustained by the evidence, and we find no reason for interfering with the judgment rendered.

The judgment and order are affirmed, with costs to the respondent. All concur.