## DALY v. PIZA.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

LANDLORD—FAILURE TO MAKE REPAIRS—ACTION FOR DAMAGES—EVIDENCE—LEASE.

Under a lease covering the entire subject-matter, providing that the tenant would keep the premises generally in repair, and surrender the same in as good state as reasonable use would permit, evidence of a parol agreement of the landlord prior to the execution of the lease to make repairs was inadmissible in an action by the tenant for the landlord's failure to repair.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 1739, 2037.]

Appeal from Appellate Term.

Action by Sadie A. Daly against J. Samuel Piza. From a judgment of the Appellate Term (90 N. Y. Supp. 1071) affirming a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edgar J. Nathan, for appellant.
Scott McLanahan, for respondent.

McLAUGHLIN, J.   On the 4th of September, 1901, the defendant leased to the plaintiff, by an agreement in writing, certain premises in the city of New York for the term of one year commencing on the 1st of October, 1901, with the privilege of renewal, at an annual rental of $1,800, payable quarterly in advance, which lease contained a provision that the plaintiff, in addition to paying the rent at the time and in the manner specified, would pay the Croton water rate and "keep the plumbing work, pipes, glass, and the premises generally in repair," and surrender the same at the expiration of the term in as good state and condition as reasonable use and wear thereof would permit.   The plaintiff claimed that prior to the execution of the lease, and as a consideration for it, the defendant orally agreed to make certain repairs to the premises before the commencement of the term.   The repairs were not completed until over a month after the commencement of the term, by reason of which plaintiff claims to have been injured (the premises being rented for the purpose of letting furnished rooms), and she brought this action in the City Court of the City of New York to recover the damages sustained.   At the trial she was permitted, against defendant's objection and exception, to offer testimony to the effect that prior to the execution of the written agreement the landlord agreed that he would do certain repairs, and have them completed before the 1st of October, the time when the lease commenced, and that such repairs were not completed until something over a month thereafter.   She was also permitted to offer proof, against like objections and exceptions, of the damages which she sustained by reason of the landlord's failure to have such repairs completed at the time agreed.   She had a recovery for such damage, and on appeal to the Appellate Term the judgment of the City Court was affirmed, and by permission defendant has now appealed to this court.

I am of the opinion that the determination of the Appellate Term and the judgment of the City Court should be reversed.   The admission of the testimony which tended to establish the alleged oral agreement contradicted the terms of the written lease, and violated the well-settled rule that all oral negotiations made prior to or at the time a written agreement is executed are merged in it.   Wilson v. Deen, 74 N. Y. 531; Eighmie v. Taylor, 98 N. Y. 288.   The written lease, it will be observed, appears upon its face to contain the entire agreement of the parties.   Nothing seems to have been omitted.   It is complete in every respect, and covers the entire subject-matter.   The obligation of the respective parties and the extent to which each is bound is there set forth.   A legal presumption prevails, therefore, which cannot be overcome by parol evidence, that the lease contains the whole agreement between the parties.   Van Derhoef v. Hartmann, 63 App. Div. 419, 71 N. Y. Supp. 552; Smith v. Smull, 69 App. Div. 452, 74 N. Y. Supp. 1061.   Proof of a parol collateral agreement cannot be received if it tends to contradict or vary the written agreement.   It is only admissible when the written agreement is not complete upon its face, and such parol proof does not vary or contradict its terms.   Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961.   Any other view would not only do violence to the

rule prohibiting the reception of parol proof to vary the terms of a written instrument, but would, in effect, destroy the purpose sought to be accomplished by a written contract, viz., prevent disputes as to what the parties had contracted to do. It is not claimed that the written lease was not to take effect until the terms of the oral agreement had been complied with. Here the oral agreement was not only a part of the hiring, as appears from the plaintiff's own testimony, but is in conflict with the provisions of the lease. It must be held, therefore, that the oral agreement, if made, was merged in the written agreement, and that being upon its face complete, and covering the whole subject-matter, parol testimony is inadmissible to vary or contradict its terms.

It follows, therefore, that the determination of the Appellate Term and the judgment of the City Court must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.