## LEEMING v. DURYEA.

### (Supreme Court, Appellate Term.   January 17, 1906.)

1. LANDLORD AND TENANT—ACTION FOR RENT—PLEADING—CONSTRUCTION.

   In an action for rent, where the answer in defense and counterclaim alleges that certain agreements were entered into between the parties, and then states the terms of the written lease, and also in the same sentence and as part of the agreements the undertakings on the part of plaintiff to furnish certain articles of furniture and to put the premises in proper repair, this answer showed one complete agreement, and not an independent agreement collateral to the lease to furnish the house and put the premises in repair.

2. EVIDENCE—PAROL EVIDENCE TO AFFECT WRITINGS.

   Where a written instrument expressly leases premises "with the furniture now contained in the house," and in one clause the tenant agrees to cut the grass on the lawn at least once a week and to keep the hedges trimmed, he cannot enforce a contemporaneous parol agreement of the landlord to furnish the house and to cut the grass and trim the hedges, since the writing is a complete contract and the parol agreement is inconsistent with it.

3. CONTRACTS—CONSIDERATION—AGREEMENT OF LANDLORD.

   Promises of a landlord to furnish a house and to cut the grass on the lawn and keep hedges trimmed, made after the execution of the lease, are without consideration, and cannot be enforced.

Appeal from City Court of New York.

Action by Thomas L. Leeming against Frank W. Duryea. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Robert B. Honeyman, for appellant.

Grosvenor Nicholas, for respondent.

SCOTT, P. J.   The action is for an installment of rent due upon the lease, for six months, of a country place on Long Island.  The making and acceptance and the nonpayment of the rent are admitted.  The defendant alleges, both by way of defense and counterclaim, that the plaintiff agreed to supply and renew various articles of furniture in the house and stable and otherwise put the premises in such order, repair, and condition "as is and was known to the plaintiff to be usual and customary in renting summer places," and agreed to have the same ready for occupation by defendant by May 15, 1902, and that plaintiff failed to perform this agreement.  The plaintiff denies any agreement, except such as is contained in the lease.

In considering the rulings of the trial justice, it is well to consider the form of defendant's pleading.  The complaint alleges that on the 15th day of April, 1902, the plaintiff and defendant entered into a written lease, of which a copy is attached to the complaint.  The answer, both in the defense and counterclaim, alleges that on the 15th day of April, 1902, the defendant entered into certain "agreements" with the plaintiff.  Then follows a condensation of the terms of the written lease, or some of them, and the answer then goes on to state, in the same sentence and as part of the same "agreements," the undertakings

on the part of the plaintiff which have already been referred to. Although the defendant now claims to have pleaded and to rely upon an independent collateral agreement to make repairs and do the other things enumerated, his pleading scarcely justifies such a contention. Its plain construction appears that the agreement to lease the house and the agreement to make the repairs, etc., were all parts of one complete agreement made on April 15th. If this be the true construction of the pleading, the case falls directly within Van Derhoef v. Hartmann, 63 App. Div. 419, 71 N. Y. Supp. 552, which is fatal to the applicant's contention. There certainly is no allegation that the alleged agreement of plaintiff to make repairs, etc., preceded the agreement of lease and was made as an inducement to and upon consideration of the making of the lease. The very most under any circumstances that can be said to be pleaded, or that was attempted to be shown, was that the agreement to lease and that to make repairs, etc., were in reality parts of one complete agreement made at the same time and resting upon the same consideration, of which only the part relating to the leasing was reduced to writing; the remainder being left to rest in parol.

Undoubtedly in certain cases oral agreements collateral to written ones may be proved, if properly pleaded. To such cases, however, two rules are inflexibly applied: First. The writing must not appear upon inspection to be a complete contract, embracing all the particulars necessary to make a perfect agreement and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. Secondly. The parol evidence must be consistent with, and not contradictory of, the written instrument. Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961. In the present case the lease is a complete document containing mutual covenants and executed with due formality under seal. There is nothing in it to suggest that it was incomplete or that it did not embrace the whole agreement between the parties. Two of defendant's chief complaints are that plaintiff did not sufficiently furnish the house and did not cut the grass and trim the hedges. The written instrument expressly leases the premises "with the furniture now contained in the house," and in another clause the defendant agrees to cut the grass on the lawn at least once a week and to keep the hedges·trimmed.

The testimony shows that all the promises said to have been made by plaintiff were made, if at all, either at the execution of the lease or subsequent thereto, and for the most part after the commencement of the term. In so far as they were made at the time of signing of the lease, they cannot, as already shown, be considered. In so far as made afterwards, they are without consideration. And finally, even if the plaintiff had validly made such an independent agreement as the defendant alleges, it would have constituted no ground for repudiating the lease; but, at most, would have afforded a basis for damage, and no damage was proven or attempted to be proven. It is not necessary to consider the authority of one executor to make the lease, because the lease is not made by plaintiff as executor, and the answer does not deny, but, on the contrary, affirms, the lease.

The judgment was right, and must be affirmed, with costs. All concur.