## MICHELS v. STUDNITZ.

(Supreme Court, Appellate Term.   April 10, 1907.)

EVIDENCE—PAROL EVIDENCE AFFECTING WRITINGS—LEASES.

Where a subtenant sought to recover from the tenant for false repre--
sentations as to the length of the tenant's term, testimony of conversa-
tions between the parties leading up to and prior to the making of the
written lease were incompetent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2037.]

Appeal from Municipal Court, Borough of Manhattan, Second
District.

Action by Louis Michels against Michael A. Studnitz.  Appeal by
defendant from a judgment in favor of plaintiff.   Reversed, and new
trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and
ERLANGER, JJ.

Schenckman & Brown, for appellant.

ERLANGER, J.   By a verified complaint the plaintiff herein set
forth that on August 25, 1905, he entered into a lease with the de-
fendant, and refers to a copy of the same attached to and made a part
of the complaint.   He avers that, to induce him to enter into said lease,
the defendant represented to him that he (defendant) held a lease in
writing from the owner in fee of the premises "covering the base-
ment" described in the lease attached to the complaint, which lease
from such owner had more than 21 months to run from September 1,.
1905.   Then follow allegations of the occupation of said basement by
plaintiff, the terms and payment of rent, that the defendant did not
have a lease covering said term, that the representations as to de-
fendant having such a lease were false and untrue, that plaintiff was
lawfully evicted from the premises on December 5, 1905, by said own-
er, and that plaintiff was damaged in the sum of $250.  He recovered
a judgment for $150, from which judgment the defendant appeals.

Upon the trial the plaintiff was permitted, over objection and ex-
ception, to give conversations had between himself and the defend-
ant, prior to the making of his lease, tending to show that the defend-
ant had leased to the plaintiff the sidewalk in front of the basement
to enable the plaintiff to erect an oyster stand thereon.   The lease
between the parties makes no mention of any portion of the sidewalk,
and confers no right upon the plaintiff to erect a stand thereon, but
lets only the basement to the plaintiff for the term of 21 months from
September 1, 1905; nor does plaintiff's complaint allege that any
portion of the sidewalk was let to plaintiff.   The defendant produced
a lease of the entire premises to himself and wife from the owner, run-
ning from May 1, 1905, to May 1, 1910, and showed that he occupied
said premises at the time of the trial; and it was also shown by plain-
tiff's own admission that no dispossession proceeding had ever been
commenced against him, and the only evidence that plaintiff was ever
in any way disturbed in his possession of that portion of the premises
covered by his lease is his testimony to the effect that defendant asked

him (plaintiff) to move out of the basement, that plaintiff put a lock on, that it was broken, and "it is thrown all my things out." Subsequently, however, he was asked, "When did you move your things from the basement?" and he replied, "They are still there." It appears that the plaintiff erected an oyster stand in front of the premises, which he was compelled to remove some three months after its erection; the plaintiff testifying that the defendant said: "The landlord don't want the stand outside." He further testified that he tried to put the stand in the basement, and "the board of health came and took it."

The testimony of conversations between the parties leading up to and prior to the making of the lease were incompetent and inadmissible as evidence, as all prior negotiations were merged in the written lease subsequently entered into between the parties. Daly v. Piza, 105 App. Div. 496, 94 N. Y. Supp. 154. Neither was it shown that the plaintiff was ever evicted from possession of the premises in question. It may also be said that the plaintiff utterly failed to prove any damages. Not a particle of competent testimony appears in the record, showing or tending to show that any damages were suffered by the plaintiff of any description. He says he paid $20 per month rent for October, November, and December; but, as he actually occupied the premises during that time, the payment of such rent could not be allowed as damages. When asked if he paid anything for that stand, and putting it up, he answered: "This cost about $200, $150, $175." This can hardly be considered a competent measure of damage, or testimony that would warrant the trial judge in rendering a judgment as he did for the sum of $150. The plaintiff wholly failed to make out a cause of action against the defendant as set forth in his complaint, the proof offered by him was insufficient to support one, and the judgment is erroneous, and must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.