(65 Misc. Rep. 22.)

ERNEST TRIBELHORN, Inc., v. HANAVAN.

(Supreme Court, Appellate Term.   November 17, 1909.)

1. LANDLORD AND TENANT (§ 150*)—LIABILITY FOR REPAIRS.
    A landlord's obligation to make repairs rests solely on his express covenant, in the absence of which the obligation is on the tenant.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 536; Dec. Dig. § 150.*]

2. EVIDENCE· (§ 442*)—PAROL EVIDENCE—LEASE—PRIOR REPAIR AGREEMENT.
    Where a lease contained no covenant on the landlord's part to make repairs, and was a complete instrument without such covenant, parol evidence of a prior agreement by the landlord to make repairs, alleged to have constituted the inducement to the making of the lease, was inadmissible as a defense to an action for rent under the lease, as an implied variance and contradiction of its terms.
    [Ed. Note.—For other cases, see Evidence, ·Cent. Dig: § 1880; Dec. Dig. § 442.*] ·

Dayton, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Ernest Tribelhorn, Incorporated, against George B. Hanavan.  On reargument of an appeal by defendant from a judgment for plaintiff.  Affirmed.

See, also, 63 Misc. Rep. 296, 116 N. Y. Supp. 632.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Royal H. Weller (Walter Henry Wood and Joseph P. Brennan, of counsel), for appellant.

Norwood & Marden (Carlisle Norwood, of counsel), for respondent.

GILDERSLEEVE, P. J.   Plaintiff rented to defendant certain premises.  The defendant never occupied said premises, and refused to pay rent.  The plaintiff sued for rent, and the court below directed a verdict for plaintiff.· The defendant appealed, and the judgment was reversed.  Plaintiff then made a motion for a reargument, which was granted, and the appeal now comes before us for a second time.  On the last appeal the court was divided.  The prevailing opinion was written by Mr. Justice DAYTON, and a dissenting opinion by Mr. Justice GOFF.  The former held that the court below erred in directing a verdict, and that the issues should have been submitted to a jury.

The disputed features of the case are substantially as follows: Defendant claims that, prior to the signing of the lease, and as an inducement to defendant for signing the same, plaintiff orally promised to make certain alterations or repairs, which were to be made before the commencement of the lease, but which were never made; and defendant claims that, by reason of such failure on the part of plaintiff to make the alterations, the lease never became operative.  The plaintiff denies any such agreement, and claims that, even if there were such a promise, the omission of the lease to provide for any such agreement

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would render the alleged promise unavailing, as it would be merged in the lease, which on its face was a complete contract. The defendant claims the lease was not a complete contract, because it made no reference to repairs, and, therefore, parol evidence of the alleged oral contract, not varying or contradicting the written contract, was admissible, as it did not violate the rule that proof of a parol collateral agreement cannot be received, if it tends to contradict or vary the written agreement, but is only admissible when the written agreement is not complete on its face, and such parol proof does not vary or contradict its terms. Daly v. Piza, 105 App. Div. 496, 94 N. Y. Supp. 154. The court below, as we have seen, adopted plaintiff's theory of the case, but allowed the defendant to introduce considerable proof tending to show the existence and the terms of the alleged oral agreement. The lease was a complete contract on its face, unless the absence of any provision as to repairs can be considered as an omission which left the door open for the admission of oral evidence to supply such alleged deficiency, without varying or contradicting the terms of the lease. It will be remembered that the obligation of a landlord to make repairs rests solely on his express covenant (Witty v. Matthews, 52 N. Y. 512), and the absence of such a covenant in the lease leaves that obligation on the tenant; so that it cannot be said that, in this respect, the lease was not complete on its face. In fact, a parol agreement on the part of the landlord to make such repairs would be an implied variation and contradiction of the terms of the lease, whose silence as to repairs imposed the obligation to make them on the tenant.

The case of Chapin v. Dobson, 78 N. Y. 75, 34 Am. Rep. 512, upon which Mr. Justice DAYTON relied in the prevailing opinion on the first appeal in the case at bar, was an action for rent, wherein the defendant counterclaimed damage for breach of a parol collateral contract to make repairs; while in the case at bar no counterclaim is interposed, but the breach of the collateral agreement is set up as a defense to the action for rent, on the ground, as we have seen, that the said breach rendered the lease wholly inoperative. In the case of the counterclaim the validity and operation of the lease were admitted, while in the case at bar the lease is practically claimed to be a proposed contract which has never gone into operation. It is the claim of plaintiff that, even assuming there was an oral, separate agreement to make repairs, as claimed by defendant, the rights of defendant, if any, would be the subject of a counterclaim for damages for the failure to make repairs, not a defense of rent due under the lease. This seems to me to be a sound proposition.

No defense to this action for rent was established. It was right to direct a verdict for the plaintiff, and the judgment should stand.

Judgment affirmed, with costs.

GOFF, J., concurs.

DAYTON, J. (dissenting). The issue raised by the answer was the existence of an independent agreement for repairs prior to taking possession, in reliance upon which defendant signed the lease, and that, by reason of plaintiff's failure to perform such agreement, defendant

did not take possession, and his liability ceased. The learned trial justice excluded evidence tending to show the conditions precedent of such agreement and its ratification by one of plaintiff's officers. It is clear that the landlord promised to make these repairs prior to the execution of the lease, and testimony should have been allowed, for submission to the jury, whether or not the execution of the lease was conditioned upon the repairs being made forthwith and before defendant should take possession; for the lease is silent on the subject of repairs. This silence, ordinarily, would impose upon the tenant the obligation to repair; but this very matter, in part at least, was the subject of an alleged independent collateral agreement, affecting the consideration for the lease itself. It seems to me that Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512, and Clenighan v. McFarland (Com. Pl.) 11 N. Y. Supp. 719, apply, in principle, to the facts at bar. Daly v. Piza, 105 App. Div. 496, 94 N. Y. Supp. 154, involved a complete lease, containing an express undertaking by a lessee to make repairs.

The judgment should be reversed, and a new trial granted, with costs.