### EISERT v. ADELSON.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. EVIDENCE (§ 441*)—LEASES—OTHER AGREEMENTS.

   A lease, complete in its terms, providing that the tenant shall surrender the premises in as good condition as they were in at the commencement of the term, cannot be varied by parol evidence showing, for the purpose of abating the rent, that the landlord agreed, either before or contemporaneously with the lease, to repair the premises.

   [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 441.*]

2. LANDLORD AND TENANT (§ 152*)—LEASES—CONSIDERATION OF SUBSEQUENT AGREEMENT.

   Where a lease, complete in its terms, does not provide that the landlord shall repair the premises, a subsequent agreement for repairs is without consideration.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 539; Dec. Dig. § 152.*]

Appeal from Municipal Court, Borough of Queens, Third District.

Action by Laura E. Eisert against Joseph Adelson. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, JENKS, and BURR, JJ.

Samuel I. Goldberg, for appellant.
Maurice Nagler, for respondent.

THOMAS, J. The proceeding was instituted to dispossess a tenant for failure to pay an installment of rent of $200, due July 1, 1909. The tenant answered, counterclaiming for abatement of the rent, on the ground that he was precluded from taking possession of the premises until May 30th, whereas he was entitled to possession on May 15th. The alleged reason for delay in taking possession was the failure of the landlord to make repairs on the premises. The tenant also charges that the landlord agreed to furnish dishes, and failed in this, to the tenant's damage, in the sum of $8.

The lease is in writing, and is complete. It makes no provision for repairs, but does provide that the tenant shall surrender the premises "in as good state and condition as they were in at the commencement of the term, reasonable use and wear thereof and damages by the elements excepted." Therefore any evidence on the part of the tenant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of an agreement for repairs by the landlord, made before or contemporaneously with the written lease, is inadmissible. Daly v. Piza, 105 App. Div. 496, 94 N. Y. Supp. 154 (First Department); Van Derhoef v. Hartmann, 63 App. Div. 419, 71 N. Y. Supp. 552 (Second Department); Wilson v. Deen, 74 N. Y. 531. Any agreement made after the lease was signed to the effect now claimed is without consideration. Leeming v. Duryea, 49 Misc. Rep. 240, 97 N. Y. Supp. 355. The plaintiff testified that after the lease was signed he did agree to make some repairs, and did make them. He stated that the tenant informed him on the 15th day of May that he did not intend moving in before Decoration Day, and asked that some of the rooms be painted, and that the defendant told him that he would paint some of the rooms for him. There is no claim that this was not done, but rather that it delayed the tenant's possession. On the return day the tenant paid into court the sum of $79.50. At the conclusion of the trial the court found that $87.50 was due, after allowing an abatement of the rent on account of the delay in getting possession. The tenant paid the $8 into court.

The final order should be reversed, and a new trial ordered; costs to abide the event. All concur.