### DISTRIBUTERS' REALTY CO. v. LEVINSOHN.

(Supreme Court, Appellate Term, First Department.   January 3, 1914.)

1. EVIDENCE (§ 441*)—PAROL AGREEMENT TO REPAIR—MERGER IN LEASE.

A parol agreement by a landlord to repair within a certain time is merged in a subsequent written lease, which does not bind him to repair.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

2. LANDLORD AND TENANT (§ 152*)—PAROL AGREEMENT FOR REPAIRS—CONSIDERATION.

A landlord's parol agreement to repair within a certain time, if made subsequent to a written lease not binding him to repair, is without consideration.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Distributers' Realty Company against Edward Levinsohn. From a judgment for defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

James E. Duross, of New York City, for appellant.

Samuel W. Phillips, of New York City, for respondent.

.GUY, J. This action was brought to recover rent for July, 1913, under a lease making the rent payable on the 1st day of each month. The defense was that the defendant surrendered the demised premises on June 16, 1913, and was justified in doing so because of lack of promised repairs and untenantable condition. The lease was executed May 31, 1913; it contained no covenant on the landlord's part to make any repairs.

Defendant took the stand and, over objection and exception, testified to conversations with plaintiff's agent and contractor before the execution of the lease, tending to show that plaintiff had promised to make certain repairs within a certain time, and that the contractor delayed unduly in making the repairs. On June 23d or 24th defendant vacated the premises and returned the keys by registered mail, after paying the rent for June. There is proof that the ceiling and floors of some of the rooms were in bad shape.

Plaintiff proved that extensive repairs were made during May, 1913, before the lease was signed, and subsequently during the month of June.

[1, 2] A parol agreement by a landlord to repair within a certain time, where the written lease does not bind him to repair, is merged in the lease if made prior thereto, and is without consideration if subsequent thereto. Eisert **v.** Adelson, 136 App. Div. 741, 742, 121 N. Y. Supp. 446; Daly v. Piza, 105 App. Div. 496, 498, 94 N. Y. Supp. 154; Van Derhoef v. Hartmann, 63 App. Div. 419, 420, 71 N. Y. Supp. 552; Greene v. Ker, 48 Misc. Rep. 609, 95 N. Y. Supp. 569.

On the evidence plaintiff was entitled to recover.

The judgment must be reversed, and judgment directed in favor of plaintiff for the full amount claimed, with costs.

SEABURY, J., concurs. BIJUR, J., concurs in result.