(93 Misc. Rep. 465)

### CHURCH v. MACNAMARA et al.

#### (Oswego County Court. January, 1916.)

EVIDENCE ⊜441(4)—PAROL EVIDENCE AFFECTING WRITINGS—CONTEMPORANEOUS AGREEMENT.

> Where there is no provision in a lease that the landlord shall make repairs, evidence of a prior or contemporaneous agreement to do so is inadmissible on the hearing of a summary proceeding for nonpayment of rent, though the lease provides that the landlord shall maintain the premises in a habitable condition.

> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1736-1744, 2037; Dec. Dig. ⊜441(4).]

Appeal from City Court of Fulton.

Proceeding by Gertrude E. Church against William MacNamara and others. From a final order in summary proceedings awarding possession of real property to the petitioner for nonpayment of rent, defendants appeal. Affirmed.

Fanning & Fanning, of Fulton, for appellant.
Piper & Pendergast, of Fulton, for respondents.

COVELL, J. The lease in question was in writing and under seal, and with the renewal privilege, which was exercised by the defendants, covered a period of ten years. There was no controversy over the amount of rent unpaid, but defendants alleged as a counterclaim a parol agreement under which the defendants MacNamara were authorized to make certain repairs and improvements upon the premises, the cost of which was to be allowed to them by the petitioner out of the rent before the lease expired. The amount of rent unpaid at the time of the commencement of the proceedings was $320.81, and the cost of the improvements made by the defendants, as appears from MacNamara's testimony, was $659.55.

The city judge held that the evidence offered by the defendants was not sufficient, as a matter of law, to establish the counterclaim. He therefore dismissed the counterclaim, "but not upon the merits," and granted a final order in favor of the petitioner. If the city judge had decided the question of fact arising upon the counterclaim in favor of the petitioner, it is probable that his finding would not have been reversed in this court, as against the weight of evidence. The appellants contend, however, that there was sufficient evidence introduced

to establish the parol agreement upon which the counterclaim was founded, and that under the circumstances the final order of dispossession should be reversed. A full examination of this evidence does not seem to be necessary to a determination of this appeal. There is some uncertainty as to the exact time at which the alleged parol agreement was made. If it was subsequently to the delivery of the written lease, the agreement was without consideration and void. Smith v. Kerr, 108 N. Y. 31, 15 N. E. 70, 2 Am. St. Rep. 362. If the conversation occurred at or prior to its delivery, the parol agreement was merged in the written lease, and evidence to contradict or vary its terms was inadmissible.

This evidence did not come within the rule permitting proof of an independent collateral agreement. The written lease was, upon its face, a complete instrument. The subject-matter of the agreement sought to be proved by parol was one which would naturally be included in the lease, and was not collateral. In fact, the lease contained a provision that the lessor should "maintain the building in a habitable condition," and also the usual provision that the lessee would surrender the premises in good condition. All this is inconsistent with the rule under which an independent collateral agreement resting upon parol evidence may be admitted in a proper case. It has been uniformly held that, where a written lease contains no provision for repairs by the landlord, evidence of a prior or contemporaneous agreement on his part to make repairs is inadmissible. Eisert v. Adelson, 136 App. Div. 741, 121 N. Y. Supp. 446; Daly v. Piza, 105 App. Div. 496, 94 N. Y. Supp. 154; Van Derhoef v. Hartman, 63 App. Div. 419, 71 N. Y. Supp. 552; Moore v. Coughlin, 127 App. Div. 810, 111 N. Y. Supp. 856; Wilson v. Deen, 74 N. Y. 531. Here an even stronger case is presented for the exclusion of the parol agreement, for the reason that the lease itself touches upon the subject of repairs by stating that the lessor shall "maintain the building in a habitable condition." The case of Lewis v. Seabury, 74 N. Y. 409, 30 Am. Rep. 311, cited by appellant, is easily distinguishable for the reason that the agreement there established by parol was distinctly collateral and was founded upon an independent consideration.

As the evidence introduced in support of the counterclaim was improperly admitted, it is immaterial whether it was sufficient, if proper, to establish the counterclaim; and the final order awarding possession to the respondent must be affirmed, with costs.

Order affirmed, with costs.