BENJAMIN DAITZMAN and Another, Appellants, Respondents, v. REMBRANDT REALTY COMPANY and Another, Respondents, Appellants.

First Department, October 31, 1924.

Vendor and purchaser — action by purchasers to compel specific performance — complaint is sufficient which alleges existence of lien which was not removed and agreement to remove it — sufficiency of complaint does not depend upon validity of lien — answer containing denial of agreement to remove lien sets forth defense — defense that real agreement was oral one made prior to written contract is insufficient.

A complaint in an action to compel the specific performance of a contract to convey real property is sufficient which alleges a written agreement, and that because of a lien for unpaid taxes against the premises they were not conveyed on the date of the closing and that various adjournments were had upon a mutual under-

standing and agreement that the vendor would cause the removal of the lien, but that it failed to do so, and finally refused any further adjournments.

The complaint clearly states a cause of action whether the lien is valid or not inasmuch as it alleges an express agreement on the part of the vendor to remove the alleged lien without regard to its validity.

The answer sets forth a good defense to the action by its denials, including the denial of the making of the alleged express agreement to remove the lien, for the reason that if the vendor should disprove the making of the agreement and show that the lien is not valid, then the purchasers would have no reason to refuse to take the title and would be in default.

The so-called defense, counterclaim and set-off which sets up that the real agreement was an oral one made prior to the signing of the written agreement should be stricken out, since it sets up a defense that cannot, under the parol evidence rule, be proven.

APPEAL by the plaintiffs, Benjamin Daitzman and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of September, 1923, denying their motion to strike from the defendants' answer that portion called the defense, counterclaim and set-off, and for judgment on the pleadings.

Appeal by the defendants, Rembrandt Realty Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of November, 1923, denying their motion made after answer to dismiss the amended supplemental complaint on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action.

*Samuel Kahan* [*Horace G. Marks* of counsel], for the plaintiffs.

*San, Ittelson & Van Voorhis* [*Joseph H. San* of counsel], for the defendants.

FINCH, J.:

The amended supplemental complaint alleges the usual agreement for the sale of real property by the defendant Rembrandt Realty Company to the plaintiffs and further alleges that because of a lien of unpaid taxes against the premises, they were not conveyed on the date of the closing, but that various adjournments were had upon the mutual understanding and agreement that the said defendant would cause the removal of said lien, but that it has failed so to do and finally has refused any further adjournments. Plaintiffs seek a decree that the contract be specifically performed by the said defendant, that it be directed to convey to the plaintiffs the title to the premises in accordance with the contract, that the court fix the amount of the lien and take such amount out of the contract price and that a conveyance of the property by the defendant Rem-

brandt Realty Company to the other defendant, the Penn Trading Company, Inc., be declared fraudulent as against the plaintiffs and set aside. The answer of the defendants admits entering into the written contract but denies that the agreement was the real agreement, denies that the plaintiffs were ready, willing and able to pay the purchase price, denies that the lien can be satisfied and removed by the payment of a sum of money and further denies that at the time of the adjournment there was a special express agreement made that the defendant Rembrandt Realty Company would cause the removal of the lien. The defendants then set up what they term a defense, counterclaim and set-off, in which they allege that the plaintiffs and defendant Rembrandt Realty Company agreed before the signing of the written contract of sale that if the said defendant would omit from the contract the tax lien, the plaintiffs nevertheless would take the property subject to said tax lien and that because the plaintiffs have not kept this agreement, the defendant Rembrandt Realty Company has been defrauded.

As pointed out by the learned justice at Special Term, the complaint clearly states a cause of action, whether the lien is valid or not, inasmuch as the complaint alleges an express agreement on the part of the defendant to remove the alleged lien, without respect to whether it was valid or not. It likewise is true that the answer, in its denials, including the denial of the making of the alleged express agreement by defendant to remove the lien, sets forth a good defense for the reason, among others, that if the defendants should disprove the making of the said agreement and show on their part that the lien is not valid, then the plaintiffs would have had no reason to refuse the taking of title and would be in default.

It is equally clear that the motion of the plaintiffs to strike out what is called the defense, counterclaim and set-off should be granted, for the reason that it is directly contrary to the principle which prefers the deliberate written expression of the parties as against the contrary oral agreement and is known as the parol evidence rule. In other words, the defendants are relying on an oral agreement which was made prior to the making of the written agreement and which covers the same subject as that on which the parties contract in the written agreement and which oral agreement contradicts directly the written agreement. As was said by Mr. Justice MCLAUGHLIN in *Daly* v. *Piza* (105 App. Div. 496): " Proof of a parol collateral agreement cannot be received if it tends to contradict or vary the written agreement. It is only admissible when the written agreement is not complete upon its face and such parol proof does not vary or contradict its terms. (*Thomas* v. *Scutt*, 127 N. Y. 133.) Any other view would not only do violence to the

rule prohibiting the receipt of parol proof to vary the terms of a written instrument, but would, in effect, destroy the purpose sought to be accomplished by a written contract, viz., prevent disputes as to what the parties had contracted to do. It is not claimed that the written lease was not to take effect until the terms of the oral agreement had been complied with."

It follows that the order denying the plaintiffs' motion should be modified by granting the motion so far as to strike out the defense, counterclaim and set-off contained in the answer, and as so modified affirmed, without costs. The order denying defendants' motion to dismiss the complaint should be affirmed, with ten dollars costs and disbursements to plaintiffs.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

In the first case: Order modified by granting the motion so far as to strike out the defense, counterclaim and set-off contained in the answer, and as so modified affirmed, without costs.

In the second case: Order affirmed, with ten dollars costs and disbursements.